Fountain T. McFall, Appellee, vs. Henry Kirkpatrick
et al. Appellants.

*Opinion filed October 26, 1908—Rehearing denied Dec. 2, 1908.*

1. LIMITATIONS—*when possession cannot be adverse.* Where a person having an estate for life with power to appoint the fee by will purports to convey the entire title, the possession of her grantee, and those claiming under him, cannot become adverse to an appointee under the power until the life estate has terminated and the power of appointment has become effective through the life tenant's will.

2. EJECTMENT—*in ejectment only legal titles can be considered.* In ejectment only legal titles can be considered and adjudicated, and unless the plaintiff shows a good legal title a judgment in his favor is wrong, regardless of any question of equities.

3. TRUSTS—*an acceptance by trustee is essential to transfer the legal title.* In the case of an expressed trust created by deed, a delivery of the deed to the trustee and an acceptance of the same by him is essential to a transfer of the legal title, and no title vests in the trustee unless he expressly or by implication accepts the trust or in some way assumes its duties and liabilities.

4. SAME—*true test in determining whether Statute of Uses has intervened.* Where a trust is an expressed one, the true test in determining whether the Statute of Uses has intervened is to look to the terms of the instrument creating the trust to ascertain what duties are imposed on the trustee and then determine whether or not they have been performed, and if they have not, the trust still exists and the statute has not intervened.

5. SAME—*when trust is active.* A conveyance to a trustee to take and collect the rents and profits, keep the premises in repair, pay taxes, assessments and charges, pay the residue of the rents and profits to the *cestui que trust* during her life and to convey the premises to such person or persons as the *cestui que trust* may, by will, appoint, creates an active trust, and if the deed is delivered to and accepted by the trustee the legal title passes to him, and the trust will not be executed until the legal title is conveyed by him.

6. SAME—*when the Statute of Uses does not operate.* Where a trustee is required to make a conveyance to beneficiaries upon the happening of a certain event the trust is not a dry or passive trust and the Statute of Uses cannot operate at all, since the transfer of the legal title from the trustee must be by a conveyance and not by any operation of the statute. (*Kirkland* v. *Cox,* 94 Ill. 400, adhered to; *Moll* v. *Gardner,* 214 id. 248, *Cary* v. *Slead,* 220 id. 508, and *Reichert* v. *Coal Co.* 231 id. 238, explained.)

7. Same—*master's deed in pursuance of decree will pass trustee's title.* A deed made by the master in chancery in behalf of a trustee in pursuance of a decree, by a court having jurisdiction in a chancery proceeding to which the trustee and *cestui que trust* were parties, will operate to transfer the title held by the trustee as effectually as though the deed were made by the trustee himself.

8. Same—*deed of trust construed as requiring trustee to convey to appointee of cestui que trust or her heirs.* Where a trust deed requires a trustee to convey the land to such person or persons as. the *cestui que trust* may by will appoint, and provides that upon the death of the *cestui que trust* the trust shall cease and determine and the land shall belong in fee simple absolute to such persons as the *cestui que trust* "shall, as aforesaid, direct and appoint, and in default of such appointment then to her heirs and assigns, to her and their use forever," the trustee is required to convey the title to such heirs and assigns in default of appointment as well as to convey to the appointee if the power is exercised.

9. Same—*when rule in Shelly's case gives cestui que trust an equitable fee.* Under a deed conveying the whole title to a trustee to collect the rents, pay taxes, keep the premises in repair and pay the residue of the income to the *cestui que trust* during her life and at her death to convey the title to her appointee, or in default of appointment "to her heirs and assigns, to her and their use forever," the limitation to the heirs-at-law of the *cestui que trust* is of the same kind and quality as her life estate, both being equitable, and the rule in *Shelly's case* therefore gives her an equitable fee.

10. Powers—*when a power is appendant or appurtenant.* A power is appendant or appurtenant when the donee has an estate in the land and the power is to take effect, wholly or in part, out of that estate. Such powers are annexed to the estate of the donee, and when created are to be executed out of and must be concurrent with and have their being and continuance, at least for some part, out of the estate of the donee.

11. Same—*alienation of estate extinguishes a power appendant.* The exercise of a power appendant is optional with the donee of the power, and an alienation of the donee's estate will extinguish the power where it cannot be thereafter exercised without defeating the interest granted.

12. Same—*when power is extinguished by donee's conveyance.* Where one having an equitable fee under a deed of trust, with power to appoint the fee by will to some one of her own choosing, makes a warranty deed purporting to convey the entire title, the power of appointment, being appendant, is extinguished, since its subsequent exercise would be in derogation of the grant.

13. Res judicata—*binding force of a decree does not depend upon whether the court reached correct conclusion.* The binding

force of a decree quieting title does not depend upon the questions whether the court reached a correct conclusion or correctly construed the deeds before it.

14. Same—*donee of power of appointment represents unascertained appointee.* The donee of a power to appoint the fee of land by will must be regarded as representing any unascertained appointee under such power, as her act, alone, in exercising the power can bring the interest of the appointee into existence.

Dunn, Scott and Vickers, JJ., dissenting.

Appeal from the Circuit Court of Christian county; the Hon. A. M. Rose, Judge, presiding.

E. F. O'Farrell, and Chafee & Chew, for appellants:

Under the plea of general issue the statute authorizes the defendant to introduce in evidence any matter that may tend to defeat the plaintiff's cause of action. Ejectment act, pars. 19-21.

Where the bar of the Statute of Limitations has become absolute, it is available for offense or defense against the paramount owners. *McDuffee* v. *Sinnott,* 119 Ill. 449; *Gage* v. *Hampton,* 127 id. 87; *Becknell* v. *Comstock,* 113 U. S. 150.

Possession is notice to all the world, and if a party does not know his rights till the statute has run he has no claim. *Conner* v. *Goodman,* 104 Ill. 365; *Waterman Hall* v. *Waterman,* 220 id. 577.

A decree by a competent court is final and conclusive upon the parties and privies. *Umlauf* v. *Umlauf,* 117 Ill. 580; *Stickney* v. *Goudy,* 132 id. 213; *Harmon* v. *Auditor,* 123 id. 122.

Where the trustee and *cestui que trust* are barred by color of title, lapse of time and payment of taxes, the legal and equitable estate thereby becomes vested in the party holding color of title, and the unknown remainder-man must resort to his remedy, if he has any, against the trus-

tee for negligence.  1 Am. & Eng. Ency. of Law, (2d ed.) 814; 1 Cyc. 1008.

Justice and public policy alike demand that all matters adjudicated shall thereby be conclusively settled.  *Chicago Theological Seminary* v. *People,* 189 Ill. 439; *Hanna* v. *Read,* 102 id. 596; *Briscoe* v. *Lloyd,* 64 id. 33.

Jurisdiction of person and matter being had, no error can make the judgment void.  Freeman on Judgments, sec. 135; *Culver* v. *Phillips,* 130 Ill. 217; *Stoff* v. *McGinn,* 178 id. 46; *Mulligan* v. *Lamb,* 175 id. 130.

Matters involved but not raised in the suit, as between the parties and those in privity, will not be re-investigated.  *Roby* v. *Dock Co.* 165 Ill. 277; *Riverside Co.* v. *Townsend,* 120 id. 9; *Railroad Co.* v. *Railroad Co.* 164 id. 88.

The trustee, Goodrich, as well as Eliza Houston, the *cestui que trust,* being defendants to a decree declaring the trust ended, the Statute of Limitations began to run.  The power given to Houston having been declared by a competent court to be ended, it could only be removed by appeal and a reversal of that decree.  *Hayward* v. *Gunn,* 82 Ill. 385.

Twenty years' possession, adverse, notorious and exclusive, gives the holder an absolute title.  *Kotz* v. *Belz,* 178 Ill. 434.

*Res judicata* embraces not only what was determined, but extends to all other matters which might have been determined.  *Rogers* v. *Higgins,* 57 Ill. 244; *Garrick* v. *Chamberlain,* 97 id. 620; *Hawley* v. *Simons,* 102 id. 115; *Wright* v. *Griffey,* 147 id. 496; *Leopold* v. *Chicago,* 150 id. 568.

When the trustee is directed and empowered to convey the land to the objects of the settlor's bounty the legal estate necessarily vests in the trustee.  If a trustee is required to grant a fee, the fee must be conferred upon him.  *Spengler* v. *Kuhn,* 212 Ill. 192; *Kirkland* v. *Cox,* 94 id. 400.

If the rights of the *cestui que trust* or remainder-man are assailed by a stranger, such *cestui que trust* or remain-

der-man may, by proper procedure, call upon the trustee to assert and protect the legal rights of such remainder-man or *cestui que trust*. *Williams* v. *Otey*, 47 Am. Dec. 632; *Waterman Hall* v. *Waterman*, 220 Ill. 569; 1 Cyc. 1068; 19 Am. & Eng. Ency. of Law, (2d ed.) 186.

J. C. McBride, and William M. Provine, also for appellant:

The trustee, Goodrich, represented in the chancery suit all persons who would ultimately become entitled to the property. In suits in chancery persons who are legally or equitably interested in the subject matter and result of the suit must be made parties. The interest, however, must always be a present and substantial interest, as distinguished from a mere expectancy or future contingent interest. *Green* v. *Grant*, 143 Ill. 62; *Temple* v. *Scott*, id. 290; *Bible Society* v. *Price*, 115 id. 624.

The appointee under the power derives his title, not from the person exercising the power, but from the instrument through which the power of appointment was created. 4 Kent on Real Prop. 328.

The true doctrine in regard to active trusts, and that adhered to in this court, is expressed in *Vallette* v. *Bennett*, 69 Ill. 636, that where the legal title is vested in the trustee, nothing short of a re-conveyance can place the legal title back in the grantor or his heirs, subject, of course, to the qualification that under certain circumstances such reconveyance will be presumed. *Kirkland* v. *Cox*, 94 Ill. 400.

If the trustee is required to convey the title to the beneficiaries on the happening of a certain event the trust is not a passive or dry trust and the Statute of Uses does not operate to vest the title in the usee. *Coryell* v. *Klehm*, 157 Ill. 483; *Hart* v. *Seymour*, 147 id. 548; *Lawrence* v. *Lawrence*, 181 id. 248; *Meacham* v. *Steele*, 93 id. 137; *Aid Society* v. *England*, 106 id. 125.

Frank P. Drennan, for appellee:

Where land is deeded or devised to a trustee to collect the rents and pay them to a certain person for a definite period of time or during the lifetime of an individual, the trustee will take an estate for years or for life, as the case may be,—or, in other words, will take such an estate as will enable him to effectually discharge the duties of his trust; but such a deed or devise does not necessarily confer upon the trustee the fee. *West* v. *Fitz*, 109 Ill. 425; *Temple* v. *Ferguson*, 72 S. W. Rep. 455; 3 Jarman on Wills, 71.

No one can transfer to another a better or more extensive title to real estate than he himself has. So if an estate limited to a trustee is for life or years only, he cannot himself, nor can any one substituted for him, convey the fee in the premises, or any other greater estate than the one originally limited. *West* v. *Fitz,* 109 Ill. 425.

Where a power of appointment lies entirely in the discretion of the person to whom it is given he cannot be compelled to execute it, even by a court of equity. Modern Law of Real Estate, sec. 278; Sugden on Powers, 588; Farwell on Powers, 9; Lewin on Trusts, 676; 2 Story's Eq. Jur. sec. 1061; 1 Perry on Trusts, 248; *Gilman* v. *Bell,* 99 Ill. 144.

Courts will uphold rights derived from the proper exercise of a naked power but will not compel an exercise of it. *Clinefelter* v. *Ayers,* 16 Ill. 329.

A tenant for life with power to appoint, as to the reversion or of revocation as to the remainder, may execute his power although he may have aliened his own life estate. 2 Washburn on Real Prop. 209.

If the power is a collateral one, "which means that it is extrinsic and totally unconnected with any interest in the land," the donee of such power cannot, by any act whatever, extinguish it. 2 Washburn on Real Prop. 307.

Mere powers are purely discretionary with the donee. He may or may not exercise or execute them, at his sole

will and pleasure, and no court can compel or control his discretion, or exercise it in his stead if for any reason he leaves the power unexecuted.   1 Perry on Trusts, 248.

An assignment or other alteration of the estate for life does not affect a power to appoint to whom the fee shall go, by a life tenant.   So if the donee be tenant for years and survive the years, still he may exercise his power, because the power does not fall within the compass of his estate but takes effect out of an interest not vested in him.   Sugden on Powers, 61.

Although the tenant for life assumes to pass a fee, yet if he convey by an innocent conveyance, as a bargain and sale, covenant to stand seized, or a lease and release, the power will not be destroyed, for the obvious reason that the conveyances enumerated pass only what the tenant for life lawfully may pass, viz., his estate for life.   So if the donee of a power in gross be only tenant for years, an assignment of his whole term will not defeat his power.   Sugden on Powers, 62.

Where the instrument provides that the power should be exercised by will or writing in the nature of a will, those words were construed to mean such a will as is proper for the disposition of lands within the Statute of Frauds. Sugden on Powers, 212.

A donee of a power, in executing the same, must follow the strict requirements of the deed or will investing him with such power.   Sugden on Powers, 213.

If a power is to be executed by will it cannot be executed by any act to take effect in the lifetime of the donee of the power.   Sugden on Powers, 219.

A trust established by a written instrument and a delivery of the property cannot be defeated by subsequent action of the trustee in re-delivering to the donor.   *Williams* v. *Evans,* 154 Ill. 98.

Where the trust is active, requiring the continuance of the legal title in trustees in order to enable them to perform

their duties, the Statute of Uses does not vest the legal title of the trust property. *Kellogg* v. *Hale,* 108 Ill. 164; *Meacham* v. *Bunting,* 156 id. 586.

Where the same person has an interest in land and also a power to sell and convey the fee or appoint the person to whom the fee shall go, and makes a conveyance proper to convey his interest without any reference to the power, the conveyance will operate only to convey his interest; and it makes no difference if such deed contains covenants of warranty. *Coffing* v. *Taylor,* 16 Ill. 474; *Belle* v. *Twilight,* 22 N. H. 500; *Toole* v. *Ewing,* 23 Wis. 336; *Pease* v. *Iron Co.* 49 Mo. 124; *Owen* v. *Snitzer,* 51 id. 322; *Dunning* v. *Vanousen,* 47 Ind. 432; *Meeker* v. *Breintnall,* 38 N. J. Eq. 345; *Holden* v. *Loan Co.* 94 Ga. 640; *Grundy* v. *Hatfield,* 18 Atl. Rep. 186; *Johnson* v. *Johnson,* 13 S. E. Rep. 183; *Ridgely* v. *Cross,* 34 Atl. Rep. 469; *Griffin* v. *Griffin,* 31 N. E. Rep. 131; *Harvard College* v. *Balch,* 171 Ill. 275; *Towles* v. *Fisher,* 77 N. C. 437.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This action of ejectment was brought by Fountain T. McFall, appellee, in the circuit court of Christian county, against Henry Kirkpatrick and others, the appellants, to recover the possession of the east one-half of the west one-half of lot 5, in block 3, in Railroad addition to Pana, in said county. The plaintiff by his declaration claimed title in fee, and the defendants pleaded the general issue and several special pleas. The issues were tried by the court without a jury and a judgment was rendered in favor of the plaintiff, from which the defendants appealed.

The facts are not disputed, and are as follows: On March 29, 1858, Elias P. Sanders was the owner of the premises, and with his wife made a deed of the same to William A. Goodrich in form of bargain and sale, with full covenants of warranty. Following the names of the parties the purpose of the conveyance is stated, as follows:

"Whereas, Eliza Jane Houston, wife of James W. Houston, of Pana, in said county and State, being desirous of purchasing the premises hereinafter described and of holding the same to her own purpose, use and benefit and of enjoying the same peaceable, rents, issues and incomes arising therefrom during the term of her natural life, free from the control, liabilities or interferences of any husband that she now has or may hereafter have. [The deed then recites a consideration of $150 paid by Eliza J. Houston and a further consideration of one dollar paid by Goodrich, followed by words of conveyance to Goodrich.] In trust and to and for the several uses, interest and purposes hereinafter mentioned, namely:

"*First*—In trust to have the same and to take and collect the rents, issues and profits thereof, and out of the same to keep the said premises in good order and repair, and to pay all taxes, assessments and charges that may be imposed thereon.

"*Second*—In trust to pay the residue of such rents, issues and income to the said Eliza J. Houston upon her sole and separate receipt, to the interest that she may enjoy, possess and have the same free from the control, interference or liabilities of any husband she now has or may have hereafter during the term of her natural life.

"*Thirdly*—In trust to convey the said land to such person or persons as she, the said *Elvira* J. Houston, by her last will and testament, or by an instrument in the nature of a last will and testament, subscribed by her in the presence of two credible witnesses. And it is hereby expressly declared by the parties that upon the decease of the said *Elvira* J. Houston the said trusts shall cease and determine, and the land and premises above described shall belong, in fee simple absolute, to such person or persons as the said *Elvira* J. Houston shall, as aforesaid, direct and appoint, and in default of such appointment then to her heirs and assigns, to her and their use forever."

236—19

On April 16, 1859, Eliza J. Houston and her husband executed a warranty deed for the premises to Zephaniah R. Porter, and the title conveyed by that deed passed, through sundry *mesne* conveyances, to William B. Little. On March 16, 1871, William B. Little filed his bill in equity in the circuit court of Christian county against Eliza J. Houston, Elias P. Sanders and William A. Goodrich, setting out the deed from Sanders and the various conveyances by which he acquired title, and alleging that the consideration for the deed from Sanders was paid by James W. Houston, husband of Eliza J. Houston; that Goodrich never paid anything and had no knowledge of the conveyance to him, and never assented to it or acted in any way under the deed; that Eliza J. Houston and her husband conveyed the premises to Porter for a consideration of $300, in fee simple, and the title thereby conveyed had passed to the complainant; that the legal title was apparently in Goodrich, who ought to make a deed to the complainant, and that Eliza J. Houston fraudulently claimed right and title to the premises, and was trying to induce Goodrich, in whom the legal title apparently was, to convey the premises by deed, as the said Eliza J. Houston might designate. The prayer of the bill was that the court would decree that the said Goodrich should make to complainant a deed of release and quit-claim of the premises; that all rights, titles and interests, of every nature and kind whatsoever, (if any,) of the said Sanders and the said Eliza J. Houston, be extinguished or decreed to be in the complainant, and that the court would quiet the title to said premises and remove the outstanding legal title in Goodrich and decree the same to the complainant. The venue was changed, by agreement, to Shelby county, where the bill was dismissed as to Sanders. Eliza J. Houston and Goodrich were defaulted for failing to answer the bill, in pursuance to a rule theretofore entered by the court, and a final decree was entered at the September term, 1872, reciting that the mat-

ters and things alleged in the bill were taken as confessed by Goodrich and Eliza J. Houston. The court decreed that William A. Goodrich should within thirty days convey, by deed of quit-claim, all the right, title and interest which he took in and to said premises by virtue of the deed from Sanders; that on failure to make said deed the master in chancery should execute the same for him; that all the right, title and interest of Eliza J. Houston by virtue of the trust deed was in and rightfully belonged to the complainant, and that his title should be, and was, quieted as against the said Goodrich and Eliza J. Houston. On December 12, 1872, the master in chancery executed a deed to William B. Little in pursuance of the decree. On February 8, 1879, the administratrix of the estate of William B. Little, who was then deceased, conveyed the premises to the defendant Henry Kirkpatrick. From the date of that conveyance Kirkpatrick has been in possession of the premises, has erected valuable improvements thereon and has paid all taxes. On March 17, 1891, Eliza J. Houston made her last will and testament, and by the second paragraph devised to her brother, the plaintiff, Fountain T. McFall, all her property. By the third paragraph she referred to the deed from Sanders to Goodrich and the power therein conferred upon her, and declared as follows: "Now, therefore, in pursuance of the power and authority conferred upon me in and by said deed, I do hereby will, devise and bequeath to my said brother, Fountain T. McFall, the remainder, in fee simple absolute, of the lands and premises mentioned in said deed, to have and to hold unto the said Fountain T. McFall and his heirs and assigns forever." Eliza J. Houston died on November 30, 1905, and the will was admitted to probate. There is no evidence that the deed to Goodrich, the trustee, was ever delivered to him or in his possession, or that he ever took possession of the property or collected any rents, issues or profits or accepted the trust.

One ground upon which a reversal of the judgment is asked is, that the cause of action was barred by the Statute of Limitations. It is contended that the decree of the circuit court of Shelby county and the deed of the master in chancery constituted color of title, and such color of title, with the subsequent conveyance to Henry Kirkpatrick, and his possession, with payment of taxes, constituted an effectual bar to the plaintiff's claim. It is not contended that any statute of limitations ran against the exercise of the power by Eliza J. Houston if the power existed when it was exercised. There could be no adverse possession as against the exercise of that power, and if the plaintiff became vested with the legal title at all, it was by the exercise of the power when the will of Eliza J. Houston became effective, in 1905, at her death. There is no statute of limitations which could begin to run against the plaintiff until the power was exercised and no action could be brought to attack a possession of Kirkpatrick which was not adverse to the plaintiff. There can be no doubt that the deed of Eliza J. Houston to Porter conveyed at least an estate for her life, and the possession of anyone under that title could not be adverse to the appointee under the power, whose right or estate could not begin until the termination of the life estate. The cause of action was not barred by any statute of limitations. *Mettler* v. *Miller,* 129 Ill. 630; *Turner* v. *Hause,* 199 id. 464; *Weigel* v. *Green,* 218 id. 227; *Schroeder* v. *Bozarth,* 224 id. 310; *Willhite* v. *Berry,* 232 id. 331.

The plaintiff could only recover by proving that he had the legal title to the premises at the commencement of the action, and the important question to be determined is whether he had such title. In ejectment, legal titles alone can be considered and adjudicated, and unless the plaintiff showed a good legal title the judgment was wrong, regardless of any question of equities. (*Hague* v. *Porter,* 45 Ill. 318; *Mester* v. *Hauser,* 94 id. 433; *Hayden* v. *McCloskey,*

161 id. 351.) The title of the plaintiff depends solely upon the power of Eliza J. Houston to appoint the estate to him, and that rests upon the deed made by Sanders to Goodrich on the 29th day of March, 1858, and its taking effect, as a transfer of the legal title, by a sufficient delivery. In order that the legal title should pass to Goodrich as trustee, it was essential that the deed should be delivered to and the trust accepted by him. Whatever equities may have resulted to Eliza J. Houston and her heirs by the making of the deed and the payment of the consideration, a delivery of the deed to the grantee and an acceptance of the same by him was essential to a transfer of the legal title. (*Dale* v. *Lincoln,* 62 Ill. 22; *Moore* v. *Flynn,* 135 id. 74; *Brown* v. *Brown,* 167 id. 631; *Dagley* v. *Black,* 197 id. 53; *Loring* v. *Hildreth,* (Mass.) 49 N. E. Rep. 652; 28 Am. & Eng. Ency of Law,—2d ed.—896.) The subject of delivery will receive attention hereafter, in connection with the chancery proceeding, but for the present we assume that the deed of trust was valid and took effect by a sufficient delivery, so as to transfer the legal title to Goodrich.

By that deed the premises were conveyed, for a consideration paid by Eliza J. Houston, the purchaser, to Goodrich, under an active trust to take and collect the rents, issues and profits, to keep the premises in good repair, to pay all taxes, assessments and charges, to pay the residue of the rents, issues and incomes to said Eliza J. Houston during her natural life, and to convey the premises to such person or persons as she by her last will and testament, or by an instrument in the nature of a last will and testament, should appoint. It was declared that at the death of Eliza J. Houston the premises were to belong, in fee simple absolute, to the appointee, and in default of appointment then to her heirs and *assigns,* to *her* and their use forever. Assuming the delivery of the deed to Goodrich and an acceptance of the deed and trust by him, the legal title passed to Goodrich for the purposes of the trust and an equitable

life estate was limited to Eliza J. Houston. By the same instrument there was a limitation to her heirs-at-law, which could only be defeated by the exercise of a power in her to appoint the estate to some one of her own choosing. The trust was an active one and was not executed by the Statute of Uses. It could not be so executed until the trustee should have completed the last active duty imposed upon him by the deed, which was to convey the premises to the appointee of Eliza J. Houston after her death. If any duty is imposed on a trustee to convey the estate he must take and hold the legal title for that purpose, and the operation of the statute is excluded until the duty is performed and the uses remain mere equitable estates. (1 Perry on Trusts,—5th ed.—sec. 305.) In case of an appointment, the legal title would remain in Goodrich until he should make a conveyance to an appointee, and if he held the legal title for any purpose, it could only be transferred by a conveyance. The Statute of Uses could not operate at all in such a case, for the reason that the legal title would be transferred by the conveyance and not by any operation of the statute. Where a trustee is required to convey title to beneficiaries on the happening of a certain event, the trust is not a passive or dry trust and the Statute of Uses does not operate to vest the title in the usee. (*Lawrence* v. *Lawrence,* 181 Ill. 248.) If a trustee is directed and empowered to convey land the legal estate necessarily vests in him, and if he is required to convey a fee the fee must be conferred upon him. (*Preachers' Aid Society* v. *England,* 106 Ill. 125; *Coryell* v. *Klehm,* 157 id. 462; *Glover* v. *Condell,* 163 id. 566.) In *Meacham* v. *Steele,* 93 Ill. 135, the court repudiated a supposed test that the statute will intervene wherever no one but a *cestui que trust* has any beneficiary interest in the estate, which it was said was no test at all. The court said that the true test, where the trust is an expressed one, is to look at the terms of the instrument creating it to ascertain what duties are imposed

on the trustee and then determine whether or not they have been performed, and if it appears that they have not, the trust still exists and the statute has not intervened. In this case the duty imposed upon Goodrich to convey to the appointee of Eliza J. Houston has not been performed, and if the legal title ever vested in him it is still there, leaving out of view the chancery proceeding and the master's deed.

The deed of Sanders was made to Goodrich and his successors and assigns in trust, not for the lifetime of Eliza J. Houston, with a legal remainder to her heirs, but as an absolute conveyance of the whole legal title, with the use in her for her lifetime and an equitable right to a conveyance of the legal title in her appointee or heirs, so that there was no use remaining in the grantor awaiting a possible appointment and the entire estate passed by the deed. The third paragraph of the deed declared that at the death of *Elvira* (Eliza) J. Houston the trust· should cease and the premises should belong in fee simple absolute to her appointee, or in default of appointment, "to her heirs and *assigns,* to *her* and their use forever." To hold that a legal remainder was thereby limited would require striking out that part of the same clause by which the trustee took the legal title in trust to convey to the appointee, and that would be a violation of· all rules of construction. If we give effect to all the provisions of the deed we must hold that upon the death of Eliza J. Houston her appointee, or in default of appointment, her heirs, would be entitled to a conveyance in fee simple absolute, and that accords with the rules of construction applied by the courts. The appointee and heirs are connected in the same sentence, and if it was intended there should be a conveyance to one there must have been the same intention as to the others. There is no ground for separating them and declaring the estate of one legal and the other equitable.

Inasmuch as Goodrich took the legal title, which he would hold until the active duty of making a conveyance

had been performed, the limitation in the deed to the heirs-at-law of Eliza J. Houston was of the same kind and quality as her life estate, both being equitable. The rule in *Shelley's case,* which is an inflexible rule of property in this State, therefore gave to Eliza J. Houston an equitable fee. (*Baker* v. *Scott,* 62 Ill. 86; *Brislain* v. *Wilson,* 63 id. 173; Kales on Future Interests, sec. 133.) Although the rule is a rule of property and is not intended to effectuate the actual intention of the parties, its operation in this case does not defeat such intention. Eliza J. Houston was the purchaser of the premises and paid the consideration, and the declared purpose of the trust was to give her the property free from the control of her husband. It was a simple case of a purchase of premises, which she desired should be free from the control of her husband, but which she could devise or otherwise would go to her heirs-at-law. The appointment was to be by her last will and testament or by an instrument in that nature, and an instrument in the nature of a will means a will, since no other instrument is in the nature of a will. Sugden on Powers, 121.

The legal title being in Goodrich and the equitable fee in Eliza J. Houston, the power which was given to her was appendant or appurtenant to her estate. Powers are appendant or appurtenant when the donee has an estate in the land and the power is to take effect wholly or in part out of that estate. A power is appendant when the estate created by its exercise affects the estate and interest of the donee of the power. (Farwell on Powers, 8.) Appendant or appurtenant powers are annexed to the estate of the donee, and when created are to be executed out of and must be concurrent with and have their being and continuance, at least for some part, out of the estate of the donee. (Powell on Powers, 10.) If one is tenant for life with power to lease in possession, any lease made by him must commence during his life. The power is appendant to his estate, and the effect of the power is to prevent the lease

terminating by his death.  2 Hilliard on Real Prop. 828;
Williams on Real Prop. (17th ed.) 130.

The exercise of a power appendant is optional with the
donee of the power and an alienation of his estate extin-
guishes the power.  (2 Hilliard on Real Prop. 843.)  If
lands are settled on one with a power of appointment to
uses and upon him in fee if he fail to appoint, he may alien
the estate as his own and will thereby defeat and extinguish
the power.  (Washburn on Real Prop. sec. 1668.)  If
lands are limited to such uses as A shall appoint and in
default of appointment to the use of A and his heirs, he
may dispose of the lands either by an exercise of the power
or by conveyance of his estate.  If he exercises the power
the estate limited to him in default of appointment is de-
stroyed, but if he conveys his estate the power is extin-
guished.  (Williams on Real Prop.—17th ed.—446.)  If
the donee of the power has an estate in the land and the
exercise of the power would necessarily affect his estate,
as where a tenant in fee has power to appoint to others in
fee, an alienation of his estate will destroy the power, since
it would be a fraud on the alienee if the grantor could
thereafter, by exercising the power optional with him, der-
ogate from his own grant.  (1 Tiedeman on Real Prop.
642.)  If a donee has a fee subject to a power to ap-
point the fee to another and the donee conveys the whole
estate, the alienation of the estate operates as an extin-
guishment of the power where it cannot be exercised
without defeating the interest granted.  The power is de-
nied because the exercise of it would be derogatory to the
grant, which cannot be permitted.  (1 Sugden on Powers,—
8th ed.—74, 75; 2 Chance on Powers, 3149.)  In the
case of *Penne* v. *Peacock,* (Cases in Equity, Temp. Tal-
bot,) Jane Peacock conveyed certain premises to trustees
in fee, in trust to pay the rents and profits of her sole and
separate use for her life and after her decease in trust for
such uses as she should by her last will limit and appoint,

and for want of such appointment then to her own right heirs forever. She married, and her husband mortgaged part of the lands to the plaintiff for £1000 for a term of five hundred years, and then a fine was levied by husband and wife, who both declared the uses of the fine as to the mortgaged premises to be for securing the principal and interest. Lord Chancellor Talbot held that the power was not a naked power or power in gross, but was appendant and annexed to her inheritance and so destroyed by the fine, since a lease and release, or any other conveyance, would carry with them all powers that are joined to the estate. The Lord Chancellor said that "it must inevitably follow that an estate for life limited to the wife and the remainder limited to her own right heirs in default of any appointment made by her last will are both disposed of by the fine."

Sugden says (vol. 1, p. 40) : "20—Where an estate is limited to such uses as A shall appoint, and in default of and until appointment to him in fee, the power is clearly appendant and by a conveyance of his interest would be destroyed." He gives *Penne* v. *Peacock* as an example, and further says: "22—The same rule is applied to personal estate. Therefore, where a man was, under a will, tenant for life of certain funded property and then for such persons, etc., as he should appoint by will, and in default of appointment the trust was for his executors or administrators, it was held that he might assign the fund absolutely, and where, in default of appointment, the fund is settled on another, the donee may, with the concurrence of that person, make a present title to the fund, for, by analogy to powers on real estate, such a power may be parted with,—that is, released or extinguished. (*Kirkpatrick* v. *Capel,* V. C. T. T. 1819, M. S.; *Webb* v. *Lord Shaftesbury,* 3 Myl. & Kee. 599; *Cherry* v. *Boultbee,* 2 Kee. 324.) 23—It is to be observed that as to the destruction of the power the effect is the same although the estate

is conveyed by operation of law. Thus, it has been deter-
mined that where a man, tenant for life, with remainder
over and the ultimate remainder to himself in fee, with a
power of revocation, became bankrupt and the intermediate
estates had become incapable of taking effect, the life estate
and remainder in fee, or, rather, the fee in possession,
vested in the assignees, and his power of revocation was
gone.—Anon. Lofft, 71; *Doe* v. *Britain,* 12 Barn. & Ald.
93. See *Thorpe* v. *Goodall,* 17 Ves. Jr. 388, 360."

In 2 Coke upon Littleton the rule is stated in Butler and
Hargrave's Notes, 243*b:* "IV.—As to powers relating to
the estate of the donee of the power in the land: Such of
those powers as are in the nature of powers appendant to
the estate may, it is agreed, be extinguished by the release,
feoffment, fine, or common recovery of the donee of the
power. These powers also are liable to be extinguished or
suspended by any of the conveyances which are said not to
operate by transmutation of the possession, as bargains and
sales, leases and releases and covenants to stand seized, for
whoever has any estate in the land may convey that estate
to another, and it would be unjust that he should after-
wards be admitted to avoid or to do anything in derogation
from his own grant. Any assurance of this nature, there-
fore, which carries with it the whole of the grantor's es-
tate is a total destruction of the powers appendant to that
estate."

The estate which Eliza J. Houston attempted to create
in the plaintiff by the exercise of the power was to be raised
not only out of the power but also out of her own es-
tate, and that being so, she had a right to extinguish the
power and could not afterward exercise it in derogation of
her grant. The power was an authority to dispose of the
remainder for the benefit of any person she might choose
and to declare in whom and in what manner the title should
vest at her death. It was not limited or special and it was
not a power in the nature of a trust, which she was bound

to exercise either in favor of some particular person or class of persons. The deed created no fiduciary relation between Eliza J. Houston and any person or class of persons, and the exercise of the power being appendant to her estate, she could not be permitted to defeat the estate conveyed by her by afterward exercising the power.

Counsel for appellee takes the position 'that upon the death of Eliza J. Houston the Statute of Uses executed the trust and the legal title vested in the plaintiff as appointee, who could then bring ejectment. It cannot be true in this case, under any view of the law, that the Statute of Uses executed the trust upon the death of Eliza J. Houston, for the reason that the trustee was to retain title for the purpose of making a conveyance to the appointee, and if it were true it could have no influence or effect upon the decision of the case. Of course, if the power was appendant to the estate of Eliza J. Houston and her deed was effective to extinguish the power, it would make no difference that at some time in the future the Statute of Uses would otherwise execute the use by transferring the legal title to her appointee. In other words, if the power was extinguished by the execution of her deed it was extinguished forever.

On the general question whether the Statute of Uses ever operates to divest the title of a trustee whose active duties have ceased the courts are not agreed, and there have been expressions in the decisions of this court which are not harmonious. In *Harris* v. *Cornell,* 80 Ill. 54, which was a proceeding in equity to impeach a decree for fraud, the court stated, with an explanation that it was a mere remark, that an assignee in bankruptcy, when the debts of the bankrupt were outlawed and the purposes of the trusts accomplished, ceased to have any title, and the owner of the trust became, by operation of law, re-invested with a legal title and could sue in ejectment. In that case the property of the bankrupt was vested in the assignee by the

law for certain purposes and not by any instrument of conveyance. In *McNab* v. *Young,* 81 Ill. 11, which was also a proceeding in equity to set aside deeds and question the title acquired at a judicial sale, there was a trust deed in the nature of a mortgage to secure an indebtedness, and the court, in discussing the question whether the grantee in the trust deed was a necessary party, said that if the purposes of the trust had been accomplished the grantor would have been vested with the legal title. It was afterward held, in an action of ejectment, that the title of a mortgagee in fee is in the nature of a base or determinable fee and that the term of its existence is measured by that of the mortgage debt, which eliminated any question of the Statute of Uses. (*Barrett* v. *Hinckley,* 124 Ill. 32.) The views of the court on that subject were again stated in *Lightcap* v. *Bradley,* 186 Ill. 510. In *Kirkland* v. *Cox,* 94 Ill. 400, which was an action of ejectment and the first and only case in which the question was actually involved and a decision necessary, the court, referring to the former cases, said that the statements therein were unadvisedly made, and that "the true doctrine in regard to active trusts, and that adhered to by this court, is expressed in *Vallette* v. *Bennett,* 69 Ill. 632, that where the legal title is vested in the trustee, nothing short of a re-conveyance can place the legal title back in the grantor or his heirs, subject, of course, to the qualification that under certain circumstances such re-conveyance will be presumed without direct proof of the fact." In *Moll* v. *Gardner,* 214 Ill. 248, which was another suit in equity, the court affirmed a decree requiring a trustee to execute deeds of conveyance to the beneficiaries of a trust. In the course of the opinion it was said that a trust which is active may become passive after all of the active duties have been performed, and the trust may become executed by the Statute of Uses and the title vest in the remainder-man. Authorities are referred to in support of that doctrine, and, among others, the case of *Kirkland*

v. *Cox, supra,* which holds the contrary, and the case of
*Meacham* v. *Steele, supra,* where it was said that often the
objects of a trust become defeated or for some cause per-
formance becomes impossible, and then the trust becomes
a use and is executed by the statute. That rule did not
apply to the case under consideration, and the citation of
*Kirkland* v. *Cox* shows that there was no intention to over-
rule the decision in that case. To hold that the statute
had executed the use and vested the legal title in the bene-
ficiaries would have been wholly inconsistent with the af-
firmance of the decree requiring the trustee to convey the
legal title. There would have been no ground for equitable
interference if there was no existing trust but the legal title
had been vested in the *cestui que use* so that he could sue
in ejectment. Perry on Trusts is there cited, and that au-
thor says that where the active duties of the trustee have
ceased and the whole beneficial interest in the trust estate
is in the *cestui que trust* the Statute of Uses generally exe-
cutes the legal title of the trustee to the *cestui que trust,* but
that there are cases where the active duties of the trustee
having ceased, the legal title does not pass without a con-
veyance. In such cases it is the duty of the trustee to con-
vey the legal title to the *cestui que trust* or to such person
as he shall appoint, and under proper circumstances a pre-
sumption will be raised that the duty has been performed.
(1 Perry on Trusts, sec. 351.) In this case the active duty
of making a conveyance has not been performed and the
legal title must remain in the trustee until that is done.
*Cary* v. *Slead,* 220 Ill. 508, a suit in equity, and *Reichert*
v. *Missouri and Illinois Coal Co.* 231 id. 238, a suit on a
contract brought by trustees, contain expressions similar to
those of *Moll* v. *Gardner,* but the question was not involved
in either case. The decision in *Kirkland* v. *Cox* has never
been criticised or disapproved and there is no contrary de-
cision where the question was involved, and the real effect

of the cases in equity is, that when active duties have ceased it is the duty of the trustee to convey the legal title.

But whatever theory may be adopted as to the operation of the Statute of Uses when active duties have ceased, it could not apply to this case, where the active duty of making the conveyance has not been performed, and if Eliza J. Houston had an equitable fee when she made her deed to Porter, the deed would transfer that fee. It would make no difference what might occur after the destruction of the power. All the authorities are agreed that certain things must concur or the statute does not apply. There must be a *cestui que use in esse* in whom the legal title may vest. If an estate is limited to the use of some one not *in esse* or capable of being ascertained, the statute can not have any operation until the *cestui que use* comes into being or is ascertained. (2 Washburn on Real Property, 113-115.) If the Statute of Uses would execute the trust, it would only be in case of appointment by will and at the death of Eliza J. Houston when the will would become effective. The trust was an executed trust in the sense in which that term is used by the courts. (*Massey* v. *Huntington,* 118 Ill. 80; *McCartney* v. *Ridgway,* 160 id. 129.) The trust was created by a deed so clear and certain in all its terms and limitations that the trustee had nothing to do but to carry out all the provisions of the instrument according to its letter. In such a trust the rules of property govern, and "if in an executed trust an estate is given to A in trust for B for life, with remainder to his heirs, B takes an equitable fee and may convey the equitable inheritance and exclude his heirs." 1 Perry on Trusts, sec. 359.

As we hold that Eliza J. Houston had an equitable fee, which she might convey, and her power of appointment was appendant or appurtenant to her estate, it is not necessary to inquire what the effect would have been if the power were considered as a power in gross, which would be the case if she had only a life estate and the estate to

be created by virtue of the power was to take effect after the termination of her estate, but it has been held that a power in gross may be released or extinguished by the donee. 22 Am. & Eng. Ency. of Law, (2d ed.) p. 1131; 1 Sugden on Powers, (3d Am. ed.) 158.

As before noted, a delivery to and acceptance by Goodrich was necessary in order to vest the legal title in him, and the question whether a court of equity would protect the beneficiary is not involved in this case, where the inquiry is merely concerning the legal title. Unless a trust is raised by law no one can be compelled to undertake a trust. In an expressed trust no title vests in the trustee unless he expressly or by implication accepts the trust or in some way assumes its duties and liabilities. (1 Perry on Trusts, sec. 259.) Whether a failure to deliver the deed to Goodrich or the fact that he did not accept the trust or act under the deed would invalidate it or enable the court to appoint another trustee makes no difference here. The bill in equity filed by Little alleged that Goodrich never paid any consideration and had no knowledge of the conveyance to him and that he never assented to it or acted in any way under it. If that was true the legal title never passed to him, and the truth of the allegation was admitted both by him and Eliza J. Houston by their default. The bill also alleged that the deed was made in satisfaction of an indebtedness from Sanders to James W. Houston, and that the legal title to the premises of record was apparently in Goodrich but the beneficial owner had conveyed her title and the complainant was possessed of it. The bill set out the deed of Eliza J. Houston and husband *in hæc verba,* and it did not purport to convey an estate for her life but did purport to convey a fee simple absolute. The court was asked to quiet the title so conveyed, and the court, in entering the decree, was dealing with the fee and not with any life estate of Eliza J. Houston. The averments of the bill had no relation to any life estate, but it was charged

that Eliza J. Houston was trying to induce Goodrich to convey the premises by deed, as she might designate. The complainant asked that the apparent legal title in Goodrich should be conveyed to him, and the court so decreed. The court had jurisdiction to hear and determine the question whether the deed had ever been delivered and what was the legal effect of the various deeds set out in the bill, and the decree was final and conclusive upon the parties. (*Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122; *Stoff* v. *McGinn,* 178 id. 46; *Franklin Union* v. *People,* 220 id. 355.) Any person to whom Eliza J. Houston might afterward appoint the estate by will was not ascertained and could not have been made a party even if the will had then been made, since it would be ambulatory and ineffective as an appointment until her death. In such a case it would be intolerable that the court should be powerless to inquire into and determine the fact whether the trust deed was delivered to and accepted by Goodrich merely because there was a possibility that the power would be exercised in the future in favor of some person then unknown. If such an argument were to prevail it would often happen that the settlement of a title to land would have to remain in abeyance for an indefinite period of time in cases where possible contingent interests were shown to exist. As said by the Supreme Court of Massachusetts in *Loring* v. *Hildreth, supra:* "If a deed purporting to create such interests were inadvertently or fraudulently put on record, if such a deed were stolen, or even forged, and put on record by the thief or forger,—nay, even if a forgery were committed in the registry of deeds by making what appeared to be a record of such a deed when in fact no such deed or form of deed existed,—the courts would be powerless to inquire into and determine the facts, because parties purporting to have possible contingent interests could not be brought in or represented. In this way a title might be tied up for an indefinite period by an unauthorized or criminal act, with no power

23 6—20

in the courts to afford a remedy. Such a result should not be reached except upon most stringent reasons of necessity." The courts are not powerless in such a case where the interests of parties not before the court are sufficiently protected by those over whom the court has jurisdiction. Where the owner of a vested estate is before the court, the interests of a contingent remainder-man will be bound although he may not be formally made a party. (*American Bible Society* v. *Price*, 115 Ill. 623; *Temple* v. *Scott*, 143 id. 290; *McCampbell* v. *Mason*, 151 id. 500.) When the bill was filed the plaintiff in this case had no interest and was not ascertained even as one who might have a possible future interest by the exercise of the power of appointment. The trustee, who it was alleged had never assented to or acted under the trust and to whom the deed was not delivered, was a party, and so was the one by whose act alone any future interest could be brought into existence. Eliza J. Houston, the donee of the power, was the only one who could bring into existence any other estate or turn the course of the ownership of the property, and surely she represented her own appointee as fully and completely as anyone having a future·contingent interest could be represented in any case. The court did not expressly adjudicate against the power of appointment, but on the default and confession by the defendants of the facts alleged in the bill the court quieted the title of the complainant to the·premises and ordered Goodrich to convey all the right, title and interest which he took by the deed. The apparent title of Goodrich was transferred by the deed executed in pursuance of the decree, and if he had any title it now rests in the defendant Henry Kirkpatrick. The binding force of the decree cannot be affected by any question whether the court reached a correct conclusion or properly construed the deeds set out in the bill. The doctrine of *res judicata* does not rest on such a ground. If Goodrich had the legal title a deed by him would pass that title and defeat an ac-

tion of ejectment against the grantee, whether the deed was rightfully made or made in violation of the trust under which the title was held, (*Walton* v. *Follansbee,* 131 Ill. 147,) and the master's deed made in his behalf in pursuance of the decree would not be less effective to transfer any title he had. The legal title alone is involved in this case, and there is no view presented by counsel which would justify a finding that the plaintiff is the legal owner of the premises or that he can maintain an action of ejectment.

The judgment of the circuit court is reversed and the cause remanded.                    *Reversed and remanded.*

Mr. Justice Dunn, dissenting:

The foregoing opinion holds that the trust deed from Sanders to Goodrich conveyed an equitable fee to Mrs. Houston, that her deed to Porter conveyed such fee to him, and, if so, that a consideration of any other question in the case becomes unnecessary. I do not concur in this conclusion as to the effect of the trust deed. It is reached by the improper application of the rule in *Shelly's case* to the conveyance. Under that rule, if, in any instrument, an estate for life is given to the first taker and the remainder is limited, either mediately or immediately, to his heirs, the first taker takes the whole estate; if the limitation is to the heirs of his body he takes a fee tail; if to his heirs, a fee simple. But the rule requires that both the life estate and the estate in remainder shall be of the same quality,—that is, both legal or both equitable,— and where one of the estates is legal and the other equitable the rule does not apply. (Preston on Estates, 263; 2 Washburn on Real Prop. sec. 1610; *Glover* v. *Condell,* 163 Ill. 566.) In the case cited the court said, on page 588: "The rule in *Shelly's case* applies to equitable as well as legal estates, but requires that both estates,—the prior estate limited to the ancestor and the subsequent estate lim-

ited to the heirs,—shall be of the same quality,—that is, both legal or both equitable,—because, if the prior estate is an equitable or trust estate and the subsequent estate is a legal one, the two do not unite as an estate of inheritance in the ancestor. (4 Kent's Com. marg. pp. 210, 211.) Thus, if the legal estate is given to A in trust for B for life and the legal remainder to the heirs of B at his death, the rule cannot apply, as the legal and equitable estates cannot so coalesce as to give B either a legal or equitable fee. (1 Perry on Trusts,—3d ed.—sec. 358.) So, also, if the trustee holding the property for A for life has active duties to perform, but at the death of A the trust for the heirs is merely passive, the statute will execute the use, so that the estate of the heirs is a legal one while the prior estate is equitable.—22 Am. & Eng. Ency. of Law, p. 509, and cases in note 4."

Here the conveyance was declared to be in trust to pay the residue of the income after the payment of certain charges thereon to Mrs. Houston during her life and after her death to convey to her appointee by will. This was clearly an equitable estate for life in Mrs. Houston. But by the express terms of the deed it was further provided that the trust should cease and determine at Mrs. Houston's death and in default of appointment the premises should belong in fee simple to her heirs. No conveyance by the trustee to the heirs was contemplated, but upon her death without appointment the fee simple was to go to her heirs by force of the original conveyance. This was a legal estate in the heirs. The deed to Goodrich contained no words of inheritance, but, whatever may have been the title conveyed to him, the grantor had the right to limit and control the estate granted in such manner as he saw fit. Conceding that Goodrich took a fee by the terms of the trust deed, yet the grantor had a right to make such fee determinable upon the happening of a valid condition subsequent and limit the fee upon the happening of such con-

dition to another. Such a limitation could not be made by a deed at common law, which took effect by transmutation of possession, but is perfectly feasible in a conveyance taking effect under the Statute of Uses, as does a deed of bargain and sale, which was the form of conveyance here. (*Abbott* v. *Abbott,* 189 Ill. 488; 2 Washburn on Real Prop. sec. 1634; 4 Kent's Com. 296.) The deed of bargain and sale derives its effect from the Statute of Uses. (3 Washburn on Real Prop. sec. 2236.) The grantor in a trust deed, though the title is granted in fee simple to the grantee, may make the fee determinable upon such lawful event as he chooses, and thereupon give it to a successor in trust or in such other way as he sees fit. He may convey to a trustee for a limited period and provide that at that period another may take. He may direct that on the death of the trustee another person or a court of competent jurisdiction may appoint a successor, and in such case the successor named in the deed, or by the person or court authorized to appoint, will succeed to the estate of the original trustee without the necessity of any conveyance from his heirs. (*Morrison* v. *Kelly,* 22 Ill. 609; *Craft* v. *Indiana, Decatur and Western Railway Co.* 166 id. 580; *West* v. *Fitz,* 109 id. 425; *Lake* v. *Brown,* 116 id. 83; *Reichert* v. *Missouri and Illinois Coal Co.* 231 id. 238.) Such transfers of the title can only occur by force of the Statute of Uses, under which all deeds in use in this State take effect, and are springing or shifting uses, which take effect in derogation of the prior estate which they displace.

Here the event upon which the estate of the trustee was to determine, so far as the heirs were concerned, was the death of Mrs. Houston without making an appointment by will. Upon the occurrence of this event it was expressly declared by the grantor that the estate of the trustee should cease and the premises belong to the heirs. The grantor had a right to so limit the estate, and, had the event of Mrs. Houston's death without making an appointment oc-

curred, her heirs would have succeeded to the estate by force of the deed of trust without any other conveyance. Their estate was therefore a legal one, and, Mrs. Houston's life estate being equitable, the rule in *Shelly's case* does not apply and did not enlarge her estate to a fee.

Since Mrs. Houston's interest in the premises terminated with her life, her deed to Zephaniah K. Porter, though purporting to convey the fee, could have no effect beyond her life. A tenant for life with power of appointment of the fee has no interest but for his life. No one can take by transmission from him, though he might take by the power. A conveyance of the fee, whether intended as an execution of the power to appoint by will or an absolute conveyance, is not such a thing in reference to which the purchaser can be aided. (*Reid* v. *Shergold,* 10 Ves. 370.) By her deed Mrs. Houston did not attempt or purport to exercise the power of appointment given her by Sanders' deed to Goodrich, and had she done so the attempt would have been ineffectual, for that deed authorized the execution of the power only by will or an instrument testamentary in character. "In *Swift* v. *Castle,* 23 Ill. 209, it was held a married woman can only convey her trust property (as a marriage settlement) in the manner authorized and for the purposes specified in the deed creating the trust; and the same rule, obviously, must apply to the exercise by her of a power of appointment under articles of marriage settlement." (*Breit* v. *Yeaton,* 101 Ill. 242.) Courts cannot dispense with the form prescribed for the execution of a power, and if the instrument conferring a power of appointment defines the mode in which the power must be executed, that mode must be adopted. If it is required to be executed by deed it cannot be done by will, and if a will is required a deed will not suffice. (*Fairman* v. *Beal,* 14 Ill. 244; *Bentham* v. *Smith,* Cheves' Eq. 33; *Moore* v. *Dimond,* 5 R. I. 121; *Starnes* v. *Allison,* 39 Tenn. (2 Head,) 221; *Reid* v. *Boushall,* 107 N. C. 345; *Gaskins* v. *Fink,* 90 Va. 384; *Porter* v. *Thomas,* 23 Ga. 467; *Reid* v. *Shergold, supra.*) Here,

by the deed conferring the power it was to be exercised by will only, and in default the property was to go to the heirs of Mrs. Houston.

The execution of the power by Mrs. Houston, though she had theretofore parted with the title by a deed purporting to convey the fee, was a valid appointment. A tenant for life may execute a power of appointment as to the reversion though he may have aliened his own life estate and though he may have attempted to convey the fee. (*Learned* v. *Tallmadge,* 26 Barb. 444; *Gaskins* v. *Fink, supra; Porter* v. *Thomas, supra; Leggett* v. *Doremus,* 10 C. E. Greene, 122.) The grant to a life tenant of a power to appoint does not enlarge his estate in the land. (*Keays* v. *Blinn,* 234 Ill. 121.) The power is not, itself, an interest in the land. (*Porter* v. *Thomas, supra.*) Where there is an express limitation for life with power to dispose by will, the interest is equivalent only to an estate for life. *Reid* v. *Shergold, supra; Bentham* v. *Smith, supra; Tomlinson* v. *Dighton,* 1 P. Wms. 271.

The power in this case was not a power appendant,—that is, a power which the donee is authorized to execute wholly or in part out of the estate limited to him and which depends upon such estate. It is a power in gross,—that is, a power which one having an interest in the land has to create an estate only which will not attach on the interest limited to him or take effect out of his own interest. Since Mrs. Houston's estate was for her life only and the power was to be exercised by will, which could not take effect until her death, when her own estate had terminated, the estate for life had no concern in it and the power was in gross. (1 Sugden on Powers,—3d Am. ed.—107.) An assignment of the whole estate of the life tenant does not affect such a power, and although the tenant for life assume to pass a fee, yet if his conveyance be by deed of bargain and sale, as was the case here, the power will not be destroyed. (1 Sugden on Powers,—3d Am. ed.—145.)

Mrs. Houston's conveyance to Porter could have no operation to extinguish the power by way of estoppel. It was no more than a quit-claim deed of her interest in the land. Even if the power could be extinguished by covenants in a deed, the covenants in this deed were not binding upon her. The deed was executed on April 16, 1859, before the enactment of any of the laws enlarging the powers of married women to contract. She was subject to all the disabilities which the common law imposed upon married women. Her deed had only such effect as the statute gave it. The statute authorized her to convey her interest in land by joining with her husband in the execution of the deed and acknowledging it in the manner provided by the statute. The deed was then declared effective to convey her interest in the land, but the statute expressly provided that no covenant contained in the deed should be binding on her. It had no effect upon an after-acquired title but was operative only as a quit-claim deed of her present interest. Such a deed could have no effect on the power.

The title of Eliza J. Houston was recorded. Her grantee presumably took with full notice of what that title was. So did his successive grantees, down to and including the appellants. But it is claimed that the decree of the Shelby county circuit court freed the premises from the trust therein created by Sanders' deed, cut off the power of appointment conferred on Mrs. Houston and enlarged appellants' estate to a fee simple. Nothing of the kind appears in the decree, and, in fact, it did not affect the title so far as the power of appointment and the interest of the beneficiaries thereof were concerned. The bill in that case alleged that E. P. Sanders was the owner of the premises and that he made the deed to Goodrich, which was set out *in hæc verba,* the whole consideration therefor being paid by James W. Houston, and that neither Eliza J. Houston nor Goodrich paid anything for the premises; that afterward said Houstons, husband and wife, conveyed the premises to Zeph-

aniah K. Porter in fee simple; that the said James. W. Houston afterward died, and that by a series of conveyances from Porter and his grantees the said premises have been conveyed in fee simple to the complainant, William B. Little. It is then averred that the said Eliza J. Houston now fraudulently claims the right and title to said premises and threatens to sue the complainant, and denies that he has any right or title to said premises, and that she is now wrongfully trying to sell said premises and to induce Goodrich, in whom the legal title of record is, to convey said premises as she may direct; that having conveyed all her interest, right and title in and to the said premises, both in law and equity, it would be against equity and good conscience to permit her to set up any interest or claim to said premises and a fraud upon the rights of the complainant; that the said trustee, Goodrich, ought to make complainant a deed to said premises, and is ready and willing to do as the court shall order in the premises. The prayer was that Goodrich be decreed to quit-claim the premises to complainant; that all the right, title and interest of Eliza J. Houston in the premises be extinguished or decreed to be in complainant; that the title to said premises be decreed to be quieted and that Goodrich's legal title be decreed to complainant.

The decree was by default, and ordered Goodrich, within thirty days, to convey by deed of quit-claim, without saying to whom, all the right, title and interest which he took in the premises by virtue of the trust deed from Sanders, and that on his failure to make said deed the master make it for him; that all the right, title and interest, both at law and in equity, which the said Eliza J. Houston took in said premises by virtue of said trust deed cease and be held for naught and be declared to be in and rightfully belong to the complainant, and that the complainant's title in and to said premises be quieted as against said Goodrich and Eliza J. Houston. There was no allegation in the bill, and nothing in the prayer or the decree, in regard to the

power of appointment or the estate to be created thereby, except that the existence of the power appears from the trust deed, which is set out. There is no attempt to cancel or to reform the deed, limit its effect, construe its terms, terminate, annul or limit the trust, or restrain or control the exercise of the power of appointment. The allegation of the payment of the consideration by James W. Houston is immaterial. The material averments show the conveyance of the title to Goodrich in trust, Mrs. Houston's interest as *cestui que trust* for life, her conveyance to the complainant, her denial of any interest in him, and assertion of her own title and threat to sue him. There is no allegation of any fact in regard to the trustee or his title, except that he has the legal title in trust, as provided in the deed, and no prayer except that the legal title be conveyed to the complainant. There is no prayer that the trust or the power of appointment be declared void, modified, terminated or affected in any way, no allegation on which such prayer could be based, and no such decree. The decree directs the trustee to convey the title acquired by the trust deed, but not to the complainant. The court did not, and on this bill could not, decree that such conveyance should be free of the trust or that the trust should be terminated. The trustee did not convey, but the master conveyed to the complainant (Little) the right, title and interest of the trustee (Goodrich) in the premises by virtue of the trust deed. The title so conveyed was only the title which the trustee had,—that is, the title in fee, subject to the trust imposed thereon by the deed. The grantee (Little) took the title of Goodrich,—the fee,—subject to the trust. The court had no right to annul any of the provisions of the trust deed so far as the power was concerned. It was not asked to and it did not.

The complainant by the decree was declared invested also with all the right, title and interest, both at law and in equity, which the said Eliza J. Houston took in the said

premises by virtue of said trust deed. That interest was the right to receive the net income during her life. The power of appointment was no interest in the property. Even if she might have executed the power of appointment in favor of herself she could not be treated as the owner. No title or interest in the thing vests in the donee of the power until he exercises the power. (*Gilman* v. *Bell,* 99 Ill. 144.) A power does not, of itself, confer any interest in the subject matter upon the donee. (22 Am. & Eng. Ency. of Law,—2d ed.—1905; *Carver* v. *Jackson,* 4 Pet. 92.) The subject of a power is the property of the donor,— not of the donee of the power,—and when the power is executed the person taking under it takes under him who created the power and not under him who executes it. (*Bingham's Appeal,* 64 Pa. 345; *Leggett* v. *Doremus, supra.*) If the power is executed the property passes under the original deed or will, through the execution of the power, to the person designated, and if not executed it remains to be affected by the other provisions of the instrument or is not disposed of. (*Collins* v. *Wickwire,* 162 Mass. 143; *Keays* v. *Blinn, supra.*) Upon the death of Mrs. Houston nothing remained for the trustee to do but convey to her appointee, and the trust having therefore become passive was executed by the Statute of Uses and the appellee became at once invested with the legal title. (*Moll* v. *Gardner,* 214 Ill. 248; *Meacham* v. *Steele,* 93 id. 135; *Cary* v. *Slead,* 220 id. 508; *Lynch* v. *Swayne,* 83 id. 336; *Glover* v. *Condell, supra.*) The plaintiff deduced title regularly from the common source, and neither the deed from Eliza J. Houston, the decree of the Shelby county circuit court nor the Statute of Limitations is sufficient to defeat his right.

In my opinion the judgment of the circuit court should be affirmed.

Scott and Vickers, JJ.: We concur in the views expressed in the foregoing opinion of Mr. Justice Dunn.