JOHN H. McCLERNAN, and others *vs.* SARAH A. McCLERNAN, and others.

*Will—Construction—Precatory trust—Bond of Trustee—Section 203 of Article 16 of the Code.*

A testator bequeathed one-fourth of the rest and residue of his estate to his daughter for life, for her sole and separate use, with full power to expend, or appropriate any part or all thereof, "for her own use only;" such portion as might remain at her death, to go to her brothers. This was followed by the words, "I solemnly enjoin her to hold this as a trust, and at once, with the aid of competent counsel, by her will properly executed, so to arrange her affairs that my wishes herein indicated may be carried out." HELD:

1st. That a trust was created in the daughter for the benefit of her brothers as to such portion of the bequest as might remain unexpended at her death.

2nd. That the daughter should not be required to give bond for the faithful discharge of the trust, the bill not charging that she had not made a will as directed by the testator, or that she was needlessly wasting the property, and perverting it from her own personal "use only."

The testator bequeathed another one-fourth of the residue of his estate to a daughter-in-law absolutely, but enjoined that the portion so given should be at once invested, so that it might be preserved for the use of herself and husband, during their joint lives, and for the use of the survivor during life, and then for their children. HELD:

That the daughter-in-law took the property given her as trustee for herself for life, and then for her children; and that under section 203 of Article 16 of the Code, which entitles persons in remainder to security for the proper administration of a trust, she should be required to give bond as trustee before the executors be allowed to pay over the bequest to her.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Frederick P. Ross,* for the appellants.

*Charles E. Hill,* for the appellees.

IRVING, J., delivered the opinion of the Court.

John McClernan, of Baltimore City, by his will divided "the rest and residue of his estate into four equal parts, and as to two of those parts" he willed as follows: " I give, devise and bequeath to my daughter Mary A. Hughes one of said four equal parts (being one-fourth of said residue and remainder,) to have, hold, use and enjoy the same during her natural life, for her sole and separate use, without the let, control or interference of any present or future husband, with full power to her, to use, expend or appropriate any part or all of the same for her own use only, and as to the portion that may remain thereof at her death, I give, devise and bequeath the same to her brothers, share and share alike,—the child or children of a deceased brother to take the share which its or their father surviving. her would have received. And I make this provision for her with tender and affectionate solicitude for her com-

fort and well being through life, and with full confidence in her ability and conscientious sense of duty, but mindful of the experience of the past, I solemnly enjoin her to hold this as a trust, and at once with the aid of competent counsel, by her will properly executed, so to arrange her affairs that my wishes herein indicated may be carried out.

"I give, devise and bequeath to Sarah McClernan, wife of my son, James McClernan, her personal representatives, heirs and assigns, one of said four equal parts (being one-fourth part of said residue and remainder,) and I earnestly advise, recommend and enjoin it upon her, the said Sarah McClernan, and upon my son, James McClernan, that the portion hereby given her be at once invested with the advice of competent counsel, so that it may be preserved for the use and benefit of said Sarah McClernan and James McClernan, during their joint lives, and the life of the survivor of them, and for their children, to the end, that it may not be squandered or jeopardized in any business scheme or undertaking or speculation, and may not be in any way liable for the debts of my said son James."

The appellants filed a bill in the Circuit Court of Baltimore City averring that these clauses of the will of John McClernan created trusts in the hands of the first takers in the proper execution of which they are interested, and asked the construction of the will by the Court; and that the Court take charge of the trusts created by the will, and require the legatees in trust to give bond for the faithful discharge of the trusts, and that the executors may be enjoined from paying over until such bonds are given and for such relief as the case may require.

By consent of parties, a *pro forma* decree, dismissing the bill was passed, and from it this appeal was taken.

In the case of *Williams' Ex'r vs. Worthington, et al.,* 49 *Md.,* 572, this Court said, quoting from *Hill on*

McClernan, *et al. vs.* McClernan, *et al.*

*Trustees,* approvingly, "the effect of expressions of this nature in creating a trust, depends entirely on the supposed intention of the testator or donor, to be gathered from the tenor of thei nstrument." In that case, the Court said the testator "had expressed his wish and desire merely," and had not used "imperative language" in respect to the disposition of the property, and the Court would not and did not declare a trust created by that will. In this will no possible doubt can exist as to the intention of the testator. By most *"imperative language"*·he impresses both the legacies herein involved with the character of a trust. In *Worthington's Case,* the Court held an absolute estate was given by the language used. In that case, the power is given to. exhaust the estate, if the needs of the first taker required it, as is given here to Mary A. Hughes, and the bequest over is only of what may remain at her death.

There is certainly an element of uncertainty as to the subject of the bequest over of only what may remain unexpended by the first taker at her death. This consideration, in connection with the fact that an absolute estate was, by the language of the will, first given to the legatee, in the view of the Court in *Worthington's Case,* deprived the precatory words of efficacy in creating a trust. This element of uncertainty is relied on here to prevent the raising of a trust. But when we consider the emphatic language of the testator in declaring his intention, together with the fact that the bequest of the estate given to Mrs. Hughes is only for life, with large discretion as to the use of the property, we cannot regard the somewhat uncertain character of the subject-matter given over after death of the first taker sufficient entirely to defeat the testator's wishes being carried out. After making the bequest to Mrs. Hughes, he says, "I solemnly enjoin her to hold this as a trust," and directs her, with the aid of competent counsel, to make a will to

carry out his wishes. Mrs. Hughes, by this will, takes only "during her natural life," and that distinguishes it from *Worthington's Case.* In that case, 49 *Md.*, 581, this Court says, that in construing precatory words there is a distinction drawn between cases where the will gives the first taker an estate for life only, and those where the gift is absolute, with superadded words. *Howarth vs. Dewell*, 6 *Jur.* (*N. S.*), 1360, is quoted by the Court. It must be admitted that the power to expend for her own use is so general as to allow the exhaustion of the whole estate if her own legitimate uses demand it; but by express language, a trust is declared for others as to what may remain at her death unexhausted. The testator expresses great confidence in his daughter, and directs how his wishes are to be secured accomplishment. He directs a will to be immediately executed by her, carrying out his wishes. Upon the allegations of the bill in this case, there does not seem to be any ground laid for the interference of a Court of equity, and requiring her to give bond as asked. Her duty is to make a will, and to make it at once. It is not alleged she has not done so. If there were charges that she had not done so and would not do so, and that she was wantonly and needlessly wasting the property, and perverting it from her own personal uses "only," to the use of others, there would possibly be ground for the Court to interfere to prevent the misuse of the trust funds, and to secure to those designed to take after her death what might remain of the property given to her for life, with discretion as to its use for herself. Her discretion in the reasonable and honest use of principal or interest for her own self, ought not to be restricted by the Court, and she ought not to be subjected to any costs or supervision about the matter, so long as she exhibits upright purposes and conduct with reference to the estate and its uses. As to her, therefore, the bill was properly dismissed.

McClernan, *et al. vs.* McClernan, *et al.*

In respect to the bequest to Mrs. McClernan, we have reached a different conclusion. The testator, in the beginning by the language used, gives her an absolute estate; but by subsequent expressions it is reduced to a trust for the joint uses of herself and husband, during. their joint lives, and for the use of the survivor during life, and then for their children. Immediate investment is required by the *injunction* of the testator, and there is no power given to use or diminish the principal. The testator clearly intended the preservation of the estate for the benefit of their children, when the life estates were terminated. Mrs. McClernan therefore takes the property given her as trustee for herself for life, and then for her children. The bill alleges that the husband of Mrs. McClernan died in the testator's life-time. Under section 203 of Art. 16 of the Code, the persons entitled in remainder are entitled to security for the proper administration of the trust, and before the executors of the will should be allowed to pay over the estate to her, she should be required to bond as trustee under the direction of the Court; and the Court should require the fund to be invested, as directed by the will, for her use for life, and then for the use of her children; and if she neglects or declines to give such bond, then the Court should appoint some other person to execute the trust and make the required investment, which investment should never be changed or transferred without the order of the Court. The decree will therefore be reversed in part and affirmed in part; that is to say, as to Mary A. Hughes it will be affirmed; and as to Mrs. McClernan it will be reversed, and the cause will be remanded that the views herein expressed may be carried out.

*Affirmed in part, and*
*reversed in part, and*
*cause remanded.*

(Decided 12th December, 1890.)