A. CHALKLEY COLLINS, administrator, *vs.* THEODORE C. WICKWIRE, administrator.

Berkshire.     September 12, 1894. — October 17, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Devise and Legacy — Life Estate with Power of Disposition — Objection to Auditor's Report.*

A devise and bequest to the testator's wife of "all my personal and real estate, to have and to hold for her use and her benefit during her natural life, with the right to dispose of the same by gift or will at her decease," and "should she decease without will or testament, or any actual conveyance to others of the right of said estate at her decease, then the real estate or its value shall be divided as follows, namely," gives the widow merely a life estate with a power of disposition.

An objection to the report of an auditor, that the evidence upon which his conclusion is based was inadmissible, should be taken by a motion to recommit the report to the auditor, and cannot be taken for the first time at the trial as a ground for rejecting the whole report.

CONTRACT, by the administrator *de bonis non,* with the will annexed, of the estate of Norman Kellogg, against the administrator of the estate of Caroline M. Kellogg, for money had and received by the defendant's intestate under the provisions of said will, and not disposed of by her at the time of her decease by gift or will.

Trial in the Superior Court, without a jury, before *Mason*, C. J., who found for the plaintiff; and the defendant alleged exceptions. The material facts appear in the opinion.

*E. M. Wood*, for the defendant.

*A. C. Collins, pro se.*

KNOWLTON, J. The fundamental question in this case is whether the defendant's intestate, Caroline M. Kellogg, took an absolute estate in fee simple in the property given her in the first clause of the will of her husband, Norman Kellogg, or whether she had only a life estate, with a power of disposition. The language of the material part of the will is as follows: " First, I give and devise to my beloved wife, Caroline Mason, all my personal and real estate, to have and to hold for her use and her benefit during her natural life, with the right to dispose of the same by gift or will at her decease. Second, I direct that should she decease without will or testament, or any actual conveyance to others of the right of said estate at her decease, then the real estate or its value should be divided as follows, namely," etc.

The defendant invokes the well established principle that where a will gives an absolute ownership of property, with full power of disposition, a limitation over is void, because it is inconsistent with the absolute title given to the first devisee. *Ide* v. *Ide*, 5 Mass. 500. *Burbank* v. *Whitney*, 24 Pick. 146. *Gifford* v. *Choate*, 100 Mass. 343. *Perry* v. *Cross*, 132 Mass. 454. *Kelley* v. *Meins*, 135 Mass. 231, 235. *Ramsdell* v. *Ramsdell*, 21 Maine, 288, 293. *Jackson* v. *Bull*, 10 Johns. 19. *Auburn Theological Seminary* v. *Kellogg*, 16 N. Y. 83. *Van Horne* v. *Campbell*, 100 N. Y. 287.

On the other hand, in this State, and generally elsewhere, this principle is held not to be applicable where the will purports to give only a life estate to the first taker, with merely a power of disposition of the remainder as a separate interest. In such a case, if the power is executed, the property passes under the original will through the execution of the power to the person designated, and if it is not executed it remains to be affected by the other provisions of the will, or to pass as undevised estate of the testator. *Kuhn* v. *Webster*, 12 Gray, 3. *Kelley* v. *Meins*, 135 Mass. 231. *Welsh* v. *Woodbury*, 144 Mass. 542. *Joslin* v.

*Rhoades*, 150 Mass. 301. *Chase* v. *Ladd*, 153 Mass. 126. *Kent* v. *Morrison*, 153 Mass. 137. *Burleigh* v. *Clough*, 52 N. H. 267. *Ramsdell* v. *Ramsdell*, 21 Maine, 288, 293. In a case of this kind it is often difficult to discover the intention of the testator, and the case now before us is by no means clear. The terms of the limitation of the wife's estate, "to have and to hold for her use and her benefit during her natural life," describe an estate which terminates at her death; and the words which follow, "with the right to dispose of the same by gift or will at her decease," are appropriate to create a mere power of appointment or designation, as distinguished from an ownership. There is nothing in. any other part of the will which calls for a different construction of this language.

The second clause refers to the "right of said estate at her decease" as an interest or estate by itself, and directs the disposition to be made of it in case the widow should decease without executing her power to dispose of it by will or by gift in her lifetime. Considering all the language together, we are of opinion that the Superior Court rightly ruled that the will gave her merely a life estate with a power of disposition.

The defendant presented at the trial, and afterwards filed, a writing entitled " Defendant's objections to auditor's report," which begins as follows : " The defendant objects to the allowance of the report of the auditor for the following reasons." Then follows a statement of two reasons, both of which rest solely upon the alleged incompetency of evidence admitted at the hearing before the auditor. The auditor's report was introduced, but no motion was at any time made to recommit it, and no requests were made for rulings in regard to the effect to be given to any of the evidence reported, or to any of the statements contained in it. The auditor found for the plaintiff, and the defendant excepted to the refusal to sustain his objections to the report, and to a ruling that the auditor's report was sufficient to support a finding for the plaintiff.

The questions in regard to the admission of evidence by the auditor cannot be raised by the defendant in this way. These objections should have been raised by a motion to recommit the report for amendment before the trial. *Kendall* v. *May*, 10 Allen, 59. *Fair* v. *Manhattan Ins. Co.* 112 Mass 320. *Briggs*

v. *Gilman*, 127 Mass. 530. *Eagan* v. *Luby*, 133 Mass. 543. So far as questions of law were apparent on the face of the report, and were founded on facts or evidence reported by the auditor, the defendant might have asked for rulings in regard to them, and the court might have ruled in regard to the effect to be given to different parts of the report. But, as was said by Chief Justice Gray in *Briggs* v. *Gilman*, 127 Mass. 530, " An objection to a portion of the evidence upon which the auditor has based his conclusion cannot be taken, as matter of right, except by motion to recommit, the report to the auditor before the trial. To allow such an objection to be taken for the first time at the trial, as a ground for rejecting the whole report and proceeding to trial without it, would defeat the purpose of the statute."        *Exceptions overruled.*