HIRAM G. KEAYS *et al.* Appellants, *vs.* EDWARD D. BLINN, Admr., Appellee.

*Opinion filed April 23, 1908.*

1. REAL PROPERTY—*crops go to personal representative upon a life tenant's death, though latter has power of appointment.* Crops growing upon lands in which a party has a life estate at the time of his death go to his personal representative, notwithstanding the life tenant has, and exercises, a power of appointment by will to dispose of the fee.

2. SAME—*a widow electing to take half the land is entitled to half the rent.* A widow who renounces the provisions of a will and elects to take one-half of the land of which the testator died seized of the fee is entitled to one-half the rent of such land falling due after the testator's death, and the devisees of the land under the will are entitled to the other half.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. PATTON, Judge, presiding.

BEACH, HODNETT & TRAPP, for appellants.

W. A. COVEY, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

John D. Gillett died testate in Logan county and by his will devised a life estate to his son, John P. Gillett, in farm lands in that county aggregating a little more than twenty-

five hundred acres. The will of the father vested in the son a limited power to appoint the fee of these lands, the power to be exercised by the last will of the son. If not exercised, the lands would, upon the death of the son, pass under the residuary clause of the will of the father. The son died testate on September 8, 1901. He left surviving him a widow but no descendants. By his will he appointed the fee in the lands above mentioned to the appellants. He owned lands in the same county in fee, and these he devised in fee to the appellants. That portion of the lands which he owned in fee and which was planted in corn was rented for one-half the crop, and there was also $43.50 of rent reserved for a portion of that land rented for pasture, which fell due on January 1, 1902. A considerable portion of the land in which he held a life estate was farmed in corn during the year 1901 by men employed by him for that purpose. Appellee, the legal representative of John P. Gillett, deceased, received the corn rent from the land owned in fee by John P. Gillett and the cash rent from the pasture land, making an aggregate of $855.64 from those lands. From the other lands he received corn grown in the year 1901, of the approximate value of $12,000. At the time of the death of John P. Gillett none of the corn on any of the land had been severed. For the purpose of recovering all the rent and crops so received by appellee, appellants brought their suit in assumpsit against him in the circuit court of Logan county. There was a trial without a jury. Propositions of law presenting the question hereinafter discussed were passed upon by the court and a judgment rendered in favor of the appellants for the sum of $427.82. Being dissatisfied with the amount of the judgment recovered by them they appealed to the Appellate Court for the Third District, where the judgment was affirmed, and they now prosecute a further appeal to this court, and here contend that they were entitled to all the rents and crops so received by the appellee.

After the death of John P. Gillett his widow renounced the provisions of his will made for her benefit and made an election, by virtue of which she became the owner in fee of the undivided one-half of that real estate of which he possessed the entire title at the time of his death. The title to the remaining undivided one-half of that land vested in fee in the appellants under the will. By a familiar rule appellants were entitled to the undivided one-half of the rent from that land falling due after the death of the testator and the widow was entitled to the other one-half. The judgment in favor of the appellants was for the amount of their one-half of the rents arising from those lands. Appellants say that they were entitled to all the rents from those lands. No reason is stated for this conclusion, and we know of none that would lead to such a result.

It is also here contended that the amount realized by appellee from lands of which John P. Gillett possessed the fee was in excess of the amount above stated as having been so realized by him. The evidence abstracted affords no basis by which we can determine the amount of such excess, if any. Moreover, it does not seem from the record that this contention was made in the circuit court.

The principal question in the case is whether the persons appointed by the will of John P. Gillett to take the fee are entitled to the corn which was growing on the lands in which he had a life estate at the time of his death, or whether that corn is personal property which passes to his legal representative. The general rule is thus stated at page 318, volume 8, (2d ed.) of the American and English Encyclopedia of Law: "When a tenancy is for an uncertain duration and is terminated by a factor not referable to an act of the tenant, he, or in case of his death his representative, is entitled to all annual crops growing upon the premises at the time of the termination of the tenancy. This right is known as the right to emblements." In *Bradley* v. *Bailey*, 56 Conn. 374, the following language from Coke on

Littleton is quoted with approval: "So, therefore, if tenant for life soweth the ground and dieth his executors shall have the corn, for that his estate was uncertain and determined by the act of God; and the same law is of the lessee for years of the tenant for life." Blackstone, at page 122, book 2, of his Commentaries, says: "Therefore, if a tenant for his own life sows the lands and dies before harvest his executor shall have the emblements or profits of the crop, for the estate was determined by the act of God, and it is a maxim in the law that *actus dei nemini facit injuriam.*"

The law so stated is not questioned by appellants, but it is insisted that the rule is not applicable here, by reason of the fact that John P. Gillett had power to appoint the fee; that he possessed the life estate, and had the power to, and did, in fact, appoint to appellants by his will exactly the same title that he could have passed to them had he been the owner of the lands in fee; that they should therefore be held to have the same rights in the crops growing on the land at the time of his death that they would have had if he had been the owner of the lands in fee and had devised the entire title to appellants.

In the case at bar the power of appointment which John P. Gillett possessed did not enlarge or add anything to his life estate. (*Collins* v. *Wickwire,* 162 Mass. 143.) Had he died without exercising that power, the real estate in which he held a life estate would have passed under the residuary clause in the will of his father. Plainly, by the authorities first above referred to, had the power of appointment not been exercised the crops would have passed, not to those entitled to the realty under the residuary clause of the will of the father, but to the executor or administrator of the son. We think no distinction arises from the fact that the takers were the appointees of the life tenant instead of the residuary devisees of the first testator. It is the uncertainty of the duration of the tenancy of John P. Gillett· which brings the case within the rule invoked by appellee,

and that uncertainty was precisely the same whether he did or did not seek to exercise the power of appointment. It is to be observed that the land would pass under the original will whether or not the power of appointment was exercised. The only effect of the exercise of the power was to designate the person or persons in whom the fee devised by the father should vest. The exercise of the power of appointment by the son is thus distinguished from the devise by him of the fee of land of which he held the fee simple title.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*