## PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING AN-NUITIES et al. v. LEDERER, Internal Revenue Collector.

(District Court, E. D. Pennsylvania.   September, 1921.)

### No. 8634.

1. Internal revenue ⊕⊃8—Interests in estate of decedent are determined by laws of state.

Interests in the estate of a testator, for the purpose of the federal tax laws, are determined by the laws of the state in which testator was domiciled at the time of death.

2. Powers ⊕⊃41—Appointee under power created by will takes under will of donor of power.

Under the law of Pennsylvania, the appointee under a power given by will takes, not under the will of the donee of the power, but under that of the donor.

3. Internal revenue ⊕⊃8—Estate of testator subject to estate tax includes property passing under power of appointment.

Under Revenue Act 1918, § 402 (e), being Comp. St. Ann. Supp. 1919, § 6336¾c(e), providing that the gross value of the estate of a decedent, for the purpose of the estate tax thereby imposed, shall be determined by including the value of all property "to the extent of any property passing under a general power of appointment exercised by the decedent," the gross value of the estate for tax purposes is the value of all property of decedent passing under the will, plus the value of all property which passed by the will by virtue of a power of appointment exercised by the testator, though such property passed under the will of the donor of the power.

4. Constitutional law ⊕⊃38—Statutes "unconstitutional" only when in conflict with some provision of written Constitution.

Legislation is not "unconstitutional" in the legal meaning of that term in the United States, unless in conflict with a provision of the written Constitution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unconstitutional.]

At Law.   Action by the Pennsylvania Company for Insurances on Lives and Granting Annuities and Catherine M. Colfelt Taylor, as executors of the will of Rebecca Colfelt, deceased, against Ephriam Lederer, Collector of Internal Revenue.   On rule by defendant for judgment.   Granted.

Saul, Ewing, Remick & Saul and Weill & Oliver, all of Philadelphia, Pa., for plaintiffs.

George W. Coles, U. S. Dist. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.   *The General Question.*—The question raised is a demurrer question.   The proposition of law upon which it is founded is that the plaintiffs by their statement of claim show no cause of action.   This in its turn is founded wholly upon the answer for which the defendant contends to the question of whether the payment of a tax exacted of the plaintiffs was lawfully demanded.   The opposing contentions of the parties are best disclosed by a broadly outlined statement of the facts.

⊕⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*The Facts.*—Plaintiff's decedent, Rebecca Colfelt, was the daughter and only child of the late James McManes. The father by his will disposed of what in his day was a large estate. He devised the residue to trustees, to hold for the benefit of his daughter for life, with a general power of appointment, and named the beneficiaries of the principal of the residue in case the daughter did not exercise the power given. There is no particular significance in the verbiage of the will of the father, and nothing out of the usual in the substance or form of the trust, not even in its spendthrift trust feature. The daughter exercised this power of appointment, not only by the Pennsylvania statutory mode of exercising it, but also by a specific reference to the power. No question of the valid exercise of the power is raised. It is otherwise of no value, but is a help to our grasp of the practical importance of the question to be ruled, to have in our minds the two facts that the estate of the daughter (in addition to the value of the trust estate above mentioned) had a value approximately of a half millon dollars, about one-half of which must be applied to meet the tax herein involved, if it was lawfully levied.

*Discussion.*—The mind is prone to incline to that view of any question raised which is suggested by the form in which the question is set forth, or the result which is sure to follow a given answer to the question raised. The question before us may be set forth in such a way as to impress any one with the thought that the exaction of the tax claimed would be a grievous hardship.

[1, 2] The estate, in the sense of the interest which a donee by will takes, is determined by the law of the state in which the testator had his domicile at the time of his decease. It is well settled that under the law of Pennsylvania the appointee of a power takes, when he takes, not under the will of the donee of the power, but under the will of the donor. In other words, the principal of this trust estate, when it passed to the appointees of the daughter, although the exercise of the power of appointment was made by the will of the daughter, none the less passed under the will of the father.

Another feature of the fact situation in the instant case is that the final recipients of the gift, who take by virtue of the exercise of the power, are the same persons who would have taken had the power not been exercised. The father died before the enactment of the tax laws which control the ruling of the question before us. The daughter died after the passage of the pertinent acts of Congress. It follows that this tax, if lawful, may be levied upon the estate of the daughter, but not upon the estate of the father. The consequence is, as already stated, that the upholding of this tax levy takes one-half of the estate of the daughter, and that the whole of the estate proper of the donee of a power, who exercises it, might be taken to pay the tax on that which passed by the exercise of the power, and indeed an estate might be rendered insolvent by being insufficient to pay the tax levied.

A retort to the argument implied in such a presentation of the question is ready at hand. It is that the donee of the power (if it be a general power of appointment) has control over such a situation, and can impose the payment of the tax upon the beneficiaries of the exercise

of the power, or (at least possibly) may avoid liability to the tax altogether by its nonexercise.

[3] The whole question is clearly one of the interpretation of the will of Congress. The Pennsylvania doctrine above outlined does not prevail in many jurisdictions. The doctrine applied in these other jurisdictions is that of the Courts of England, which is, generally speaking, that one who receives the income of property for life, coupled with a general power of appointment, has an estate which is the equivalent of an out and out ownership, and has that ownership at least to the extent of subjecting it to liability for the debts of the donee of the power. The early taxing acts measured the tax by the value of the estate of the decedent passing at his or her death without reference to the existence of any power of appointment. It thus followed that estates of like character and of equal value paid a different tax, as the law of the state which controlled the distribution differed in the feature noted. This was without doubt the inducement to the amendment of the taxing law. The tax as now levied is measured by what the law terms "the value of the net estate." This net estate is further defined by the value of the gross estate less certain deductions, and this gross estate is defined as the value of all property of the estate including that passing to an appointee "to the extent of any property passing under a general power of appointment exercised by the decedent."

The argument on behalf of the plaintiff begins with the proposition that no tax is imposed other than one imposed by the will of Congress, and that neither the executive nor the judiciary department of the government can add to the burden by construction.

The next premise is that Congress has measured the tax by the value of the property of the decedent, and of property passing under the power of appointment only to the extent to which property thus passes, and that in Pennsylvania (however the law may be elsewhere) property to no extent whatever passes under such a power.

One consequence of the acceptance of this view is that the amendment of 1918 made no change (at least so far as affects the estates of decedents in Pennsylvania) in the law. This view, although strongly urged and plausibly supported, we cannot accept. We do, however, accept the premise first laid down. The will of Congress to tax must be found expressed in the language of the act of Congress. The language employed must, however, be interpreted in the light of the situation presented to the law-making power when the statute was enacted. That situation was that a testator might be possessed of what may be properly called an estate of great value, consisting, however, in large part, as here, in the power possessed to name the beneficiaries of property held in trust. We can discover in the words of Congress no other meaning than the intention of measuring the tax to be paid by the gross value of all the property of the decedent which passed by will plus the value of all property which passed in practical effect by the same will, although it passed, not by virtue of dominion over property, but by virtue of a power of appointment. The thing done might in respect to the one be called the exercise of a right, and in respect to the

other a power, but both were possessed and had a value which could be used as a measure.

We are unable to see any insurmountable obstacle to the acceptance of this construction of the act in the criticism that the tax levied is computed by a measure which has no relation to the thing measured. To measure the tax which the estate of one person should pay by the value of the estate of another person deserves as a scheme of taxation all the censure which counsel for defendant has heaped upon it. This is not what Congress has done. Congress, as already noted, has recognized that a person may have the indicated two things of value, and has adopted as its measure the value of that which belonged to the decedent, to which is added as an increment the value of that over which the testator had the power of control to the extent to which that control was exercised. This tax is an excise tax. It is levied upon the privilege enjoyed by one who makes disposition of property to take effect at his death. How such a tax shall be measured is wholly within the control of Congress. The measure which Congress has adopted may be one which the executive or members of the judiciary might commend or condemn, but neither their commendation nor condemnation changes or can change what Congress has done. When legislation is passed which is in conflict with what are recognized to be sound principles of legislation, the expression is an intelligible one that such legislation is unconstitutional. This only means, however, that it is based upon wrong or unsound principles of legislation.

[4] Whatever else may be said of legislation, it is not unconstitutional in the legal meaning of that term as used in America, unless the legislation be in conflict with a provision of our written Constitution. In other words, the enactments of our Legislatures and of Congress are not unconstitutional merely because unwise, or in conflict with sound principles of legislation, but because the statutory enactment conflicts with a constitutional provision. The same thought of unconstitutionality in the American sense is best conveyed by the phrase that a constitutional provision and a statutory enactment must be read as two conflicting statutory enactments are read, the only difference being that in the first case the meaning of the Constitution, although earlier, prevails, while in the latter instance the meaning of the later enactment would prevail, if there was a conflict between them.

We have been pointed to no conflicting provision of the Constitution. No stress is laid upon the identity of the persons who take under the two wills, but, as mention has been made of it, we are of opinion that the doctrine that the heir who is also devisee takes as heir, and not as devisee, has no application, and that this power of appointment was exercised.

*Conclusion.*—The conclusion reached is that the plaintiff's statement of claim sets forth no cause of action or right of action, in that the tax payment was lawfully levied, and the claim of the plaintiff to recover the tax paid cannot be upheld.

We are of opinion that judgment should be entered in favor of the defendant, with costs, but in accordance with the usual practice, no judgment is now entered, but either party has leave to move for judgment, in accordance with this opinion.