Moss, Judge,
delivered the opinion of the court:
The facts in this case have been -stipulated and may briefly be stated as follows: Cicero J. Hamlin, a resident of Buffalo, New York, died on February 20,1905, leaving a last will and testament, a copy of which is attached to the petition as “ Exhibit A.” By the terms of this instrument the testator, alter making certain specific bequests and devises, left his residuary estate to his three sons, Frank Hamlin, William Hamlin, and Harry Hamlin, whom he named as executors and trustees, to have and to hold same during the life of his wife, Susan A. Hamlin, and of his son, Frank Hamlin, with direction and authority to hold, convert, invest, and reinvest same, and to collect and distribute the income therefrom as provided in the will, and upon the death of both the wife and the son to distribute the principal of the estate to the issue of Frank Hamlin forty per cent, and to William Hamlin and Harry Hamlin each thirtj^ per cent thereof. It was provided in said instrument that the testator’s wife should be paid an annuity of $18,000, and that each of the three sons should receive $10,000 per annum for his services as executor and trustee until the termination of the trust. The will contained the further provision “ * * * either of my sons shall be authorized to appoint and direct in and by his last will and testament to whom and in what manner the proportion of such compensation and of the income dis *506 tributable to him pending the execution of the trust shall be paid and distributed after his decease, and to whom upon the termination of the trust the principal sum distributable to him if living shall be paid and distributed in case of his decease.”
On June 3, 1907, Harry Hamlin died, leaving a last will and testament, by the terms of which he devised and bequeathed to his wife and to his son, Chauncey Jerome Hamlin, “All of the rest, residue, and remainder of my estate, including the share and portion of the estate of my father, Cicero J. Hamlin, in which I take or may be entitled to under his last will and testament and after the satisfaction of said bequest and the payment of my debts and expenses and the expenses of administration upon my estate, I give, devise, and bequeath unto my said wife, Grace Enos Hamlin, and my said son, Chauncey Jerome Hamlin, to be equally divided between them, share and share alike. * * A copy of said will is attached to the petition as “ Exhibit B.”
Grace Enos Hamlin, the wife of Harry Hamlin, died a citizen and resident of the State of New York on June 17, 1918, leaving a last will and testament, by the terms of which she devised and bequeathed her entire estate to her son, Chauncey Jerome Hamlin, without specific mention of any interest in the estate of Cicero J. Hamlin.
Susan A. Hamlin, the wife of Cicero J. Hamlin, died prior to the death of Grace Enos Hamlin, but Frank Hamlin survived the said Grace Enos Hamlin and was still living at the time of the institution of this suit.
In computing the transfer tax on the estate of Grace Enos Hamlin, the defendant included the value of the alleged interest of Grace Enos Hamlin in the estate of Cicero J. Hamlin, fixing same at $181,612.40. The tax on it, amounting to $16,035.30, was paid. A claim for refund was thereafter filed with the Commissioner of Internal Revenue and was rejected. This action by the administratrix of the estate of Grace Enos Hamlin is for the recovery of said amount.
*507 The tax involved herein was assessed and collected under the provisions of the revenue act of 1916, 39 Stat. 777, the pertinent portions of which are as follows:
“ SectioN 201. That a tax (hereinafter in this title referred to as the tax) equal to the following percentages of the value of the net estate, to be determined as provided in section two hundred and three, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or nonresident of the United States. * * *
“ Section 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated;
“ (a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.” * * *
The question for determination is whether or not Grace Enos Hamlin at the time of her death had an interest in the estate of Cicero J. Hamlin which was subject to the payment of charges against her estate and of the expenses of its administration and subject to distribution as part of her estate. Did her interest in the estate of Cicero J. Hamlin under the will of her husband, Harry Hamlin, survive her death ? And this question is to be determined by the law of the State of New York. Pennsylvania Co. v. Lederer, 292 Fed. 629.
It is the contention of defendant that Grace Enos Hamlin, by the will of her husband, took a vested interest in the portion of the trust estate which he attempted to transfer to her. We are unable to agree with that contention. In the case of Dougherty v. Thompson, 167 N. Y. 472, the correct principle for the construction of a will of this character is announced in the following language: “ The intention is the paramount rule of construction. Most of the other rules are aids to the discovery of the testator’s intention or to the application of it. One of the subordinate rules is that when the only gift is found in the direction to pay or distribute at *508 a future time. the gift is future and not immediate; contingent but not vested. Its reason is plain; the direction has no reference to the present and can be executed only in the future, and if in the meantime the donee indicated shall die, the direction can not be executed at all.” (Our italics.) See also, in Matter of Bostwick, 236 N. Y. 242, and Wright v. Wright, 225 N. Y. 329.
The prime purpose of the testator, Cicero J. Hamlin, after providing for the annuity to his wife, was to make suitable provision for his son, Frank, who was practically blind, and in a substantial measure incapacitated by reason thereof from earning a livelihood. It is provided in the will “ In case such net income shall be insufficient to pay and discharge the said annuity and to pay in full the said salaries of my said sons, then I direct that sufficient thereof or if necessary of the yrincifdl of my estate be distributed to my son, Frank Hamlin, to make good to him in any event the salary hereinbefore specified.” And the testator added, “ The reasons for making» this provision are fully understood by all my sons.” The will of Cicero J. Hamlin made no disposition of the principal of the estate until the termination of the trust. It merely directed the disposition of the income during the lives of the testator’s wife and his son, Frank. The language of the will in disposing of the principal is very clear. It states: “ Upon the decease of both my wife and my son, Frank Hamlin, I direct that said principal sum then remaining in the hands of my said executors and trastees, and any accumulations thereon, be divided and distributed by my said executors and trustees as follows: To the issue of my son, Frank Hamlin, forty per cent thereof; and to my said sons, William Hamlin and Harry Hamlin, each thirty per cent thereof.” These are the only words of testamentary disposition contained in the will, and applying the principle announced in the cases above cited, any interest passing under- such a will would be defeated by the death of the devisee or legatee prior to the time for division and distribution. Grace Enos Hamlin could take no greater estate under the appointment by the will of her husband Harry than he himself held under the *509 will of his father. The only power conferred by the father’s will was the authority to appoint, by will, the person to whom “ Upon the termination of the trust the principal sum distributable to him if living shall be paid and distributed in case of his decease.” The interest of Harry Hamlin was conditioned upon his surviving the administration of the trust, and was defeated by his death prior to that event. The same condition of survivorship would necessarily attach to the interest of Grace. Enos Hamlin under the appointment by her husband’s will. It will be noted that there was no provision in the will of Cicero J. Hamlin for a substitution of beneficiaries in the division and distribution of the principal of the estate. It was provided that in case either of the sons should die prior to the termination of the trust, leaving issue, the salary provided for the son dying should, subject to the power of appointment, be continued and paid to his issue until the distribution of the estate at the termination of the trust. But the testamentary disposition of the principal is direct and specific “ to the issue of my son, Frank Hamlin, forty per cent and to my said sons, William Hamlin and Harry Hamlin, each thirty per cent,” same to be divided and distributed upon the death of both the wife and son Frank.
At the death of Grace Enos Hamlin June 17, 1918, and when this suit was instituted, November 28, 1924, Frank Hamlin, whose death will terminate the trust, was still living, and the trust fund was still in the hands of the executors and trustees, with the right to use the principal of the estate, if necessary, for the benefit of Frank Hamlin. Grace Enos Hamlin had at no time the right to the possession, use, or enjoyment of any part of the estate of Cicero J. Hamlin, nor was any part of it subject to the payment of charges against her estate, or the expense of administration, nor was it subject to distribution as part of her estate. Plaintiff is entitled to recover, and it is so adjudged and ordered.
SiNNOtt, Judge; GreeN, Judge; Geaham, Judge; and Booth, Chief Justice, concur.