EMILY ANNETTE AGNUS LESER, EXECUTRIX, ESTATE OF ANNIE E. AGNUS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21293. Promulgated September 17, 1929.

*Oscar Leser, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

## OPINION.

SMITH: The question raised by this proceeding is whether the value of the property with respect to which the decedent exercised a testamentary power of appointment constituted a part of the gross estate of the decedent for the purpose of the estate tax. The applicable statute is section 402 of the Revenue Act of 1921, which provides, so far as material:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*          \*          \*          \*          \*          \*          \*

(e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for a fair consideration in money or money's worth.

No question is raised by this proceeding as to the values of the appointed property determined by the respondent, provided such appointed property is includable as a part of the gross estate of the decedent.

The petitioner contends:

(1) That as to the bulk of the property which passed by appointment ($232,461.15), the power was not a " general " one, but was particular or special, because the donee had no power to appoint to herself in her lifetime.

(2) That under the law of Maryland, which is controlling, none of the property—even including the leasehold estate on Eutaw Place, as to which there *was* a general power—passed *under* the power of appointment exercised in 1922; but that it passed under the deed of trust of 1883, which created the power.

(3) That if section 402(e) of the Revenue Act of 1921 be construed as reaching the property in question, it is unconstitutional and void, so far as it affects this estate.

With respect to the first objection made to the inclusion of the value of the appointed property in the gross estate, it is argued that the power given to the decedent by the deed of trust executed on April 9, 1883, was not a general power of appointment, since the decedent could exercise the power only by will, and, further, that she could not have brought the property into the market whenever her necessities or wishes led her to do so. This is substantially the same argument which was made before the District Court for the Eastern District of Pennsylvania in *Whitlock-Rose* v. *McCaughn*, 15 Fed. (2d) 591, in which it was stated:

\* \* \* As before stated, it is urged upon us by the plaintiff that the power is not a general one, because it is restricted in the mode of its exercise to the one method of a will. We have been referred to no case (except the one before mentioned and next discussed) as so deciding. A number of authorities have been brought to the support of the contrary doctrine. Without going into these, it seems clear that the word "general" is not defined by the mode or manner of the exercise of the power, but by the absence of limitations of the power when exercised in the prescribed manner. \* \* \*

It was there held that a power may be general though it may be exercised only by will. This decision was affirmed in 21 Fed. (2d) 164, in which it was said:

\* \* \* A power is regarded as "general" when it is not restricted by the donor to particular objects or beneficiaries, though the method of exercising it may be restricted and limited to a testamentary paper. *Tucker* v. *Alexander* (C. C. A.) 15 F. (2d) 356; *Hume* v. *Randall*, 141 N. Y. 499, 503, 36 N. E. 402; *Greenway* v. *White*, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385. "A general power of appointment by will enables the donee to devise the property of [to] any person who may have the capacity to take." Underhill on the Law of Wills.

To the same effect is *Fidelity Trust Co.* v. *McCaughn*, 1 Fed. (2d) 687. In the light of the foregoing decisions, we are of the opinion that it is immaterial that the decedent in the proceeding at bar could not exercise the power for her own benefit during her lifetime.

The second objection to the inclusion in the value of the appointed property in the gross estate is that under the Maryland law no property passed *under* the power of appointment exercised by the decedent in 1922, but that it passed directly from the donor of the power to the appointee. Reference is made to *Galard, etc.*, v. *Winans*, 111 Md. 434; 74 Atl. 626, in which it was stated:

\* \* \* It is also well settled in this state that in such case the appointee takes title, not under the will making the appointment, but directly from the donor of the power, and "in like manner as if the power and the instrument executing it had been incorporated in one instrument." *Conner* v. *Waring*, 52 Md. 732, 733; *Price* v. *Cherbonnier*, 103 Md. 107, 63 Atl. 209. \* \* \*

It is further claimed that under the Maryland law the appointed property was not subject to the debts of the donee of the power and

that therefore the donee had no ownership of the appointed property. In support of this latter proposition reference is made to *Balls* v. *Dampman*, 63 Md. 390; 16 Atl. 16, where it was said:

* * * Mrs. Balls had, under her husband's will, only the power to appoint—that is, to name by will—the person or persons to whom the property should go; and she had no authority to devise it for the payment of her debts,—that is, to incumber or consume it altogether for her own use. The construction insisted on would, if adopted, practically convert her from a mere life tenant into an owner of the fee. She had no right to bind this property for the payment of her debts, or to fasten those debts upon it; and, had such an intention on her part been expressly stated in her will, it could not have been given effect, because not within the scope of her power of appointment. * * *

See, also, *Price* v. *Cherbonnier*, 103 Md. 107; 63 Atl. 209, and cases cited; also, *McClernan* v. *McClernan*, 73 Md. 283; *Welsh* v. *Gist*, 101 Md. 606.

In *United States* v. *Field*, 255 U. S. 257, it was stated:

But the existence of the power does not of itself vest any estate in the donee. *Collins* v. *Wickwire*, 162 Mass. 143, 144, 38 N. E. 365; *Keays* v. *Blinn*, 234 Ill. 121, 124, 84 N. E. 628, 14 Ann. Cas. 37; *Walker* v. *Treasurer, etc.*, 221 Mass. 600, 602, 603, 109 N. E. 647; *Shattuck* v. *Burrage*, 229 Mass. 448, 451, 118 N. E. 889. See *Carver* v. *Jackson*, 4 Pet. 1, 93, 7 L. Ed. 761.

In *Chanler* v. *Kelsey*, 205 U. S. 466, the Supreme Court had the following to say in sustaining a statute of the State of New York imposing an inheritance tax upon property passing under a general power of appointment:

However technically correct it may be to say that the estate came from the donor and not from the donee of the power, it is self-evident that it was only upon the exercise of the power that the estate in the plaintiffs in error became complete. Without the .exercise of the power of appointment the estates in remainder would have gone to all in the class named in the deeds of William B. Astor. By the exercise of this power some were divested of their estates and the same were vested in others. It may be that the donee had no interest in the estate as owner, but it took her act of appointment to finally transfer the estate to some of the class and take it from others.

Notwithstanding the common law rule that estates created by the execution of a power take effect as if created by the original deed, for some purposes the execution of the power is considered the source of title. It is so within the purpose of the registration acts. A person deriving title under an appointment is considered as claiming under the donee within the meaning of a covenant for quiet enjoyment. 2 Sugden on Powers, 3d ed., 19.

In *Pennsylvania Co. for Insurance on Lives, etc.*, v. *Lederer*, 292 Fed. 629, it was stated:

* * * It is well settled that under the law of Pennsylvania the appointee of a power takes, when he takes, not under the will of the donee of the·power, but under the will of the donor. In other words, the principal of this trust estate, when it passed to the appointees of the daughter, although the exercise of the power of appointment was made by the will of the daughter, none the less passed under the will of the father.

It, nevertheless, held that the value of the appointed property was properly includable in the gross estate of the decedent under the provisions of the Revenue Act of 1918, which provided for the inclusion of such property in precisely the same language as the Revenue Act of 1921. The court further stated:

* * * We can discover in the words of Congress no other meaning than the intention of measuring the tax to be paid by the gross value of all the property of the decedent which passed by will plus the value of all property which passed in practical effect by the same will, although it passed, not by virtue of dominion over property, but by virtue of a power of appointment. The thing done might in respect to the one be called the exercise of a right, and in respect to the other a power, but both were possessed and had a value which could be used as a measure.

We are unable to see any insurmountable obstacle to the acceptance of this construction of the act in the criticism that the tax levied is computed by a measure which has no relation to the thing measured. To measure the tax which the estate of one person should pay by the value of the estate of another person deserves as a scheme of taxation all the censure which counsel for defendant has heaped upon it. This is not what Congress has done. Congress, as already noted, has recognized that a person may have the indicated two things of value, and has adopted as its measure the value of that which belonged to the decedent, to which is added as an increment the value of that over which the testator had the power of control to the extent to which that control was exercised. This tax is an excise tax. It is levied upon the privilege enjoyed by one who makes disposition of property to take effect at his death. How such a tax shall be measured is wholly within the control of Congress.

The fact that under the Maryland law the appointed property may not be subjected to the debts of the appointor is, in our opinion, beside the question. The taxing statute requires the inclusion in the gross income of property passing under a general power of appointment. It is unquestionable that the appointor has an interest in the appointed property. The decedent in the proceeding at bar could have directed that the appointed property pass to others than her own daughters. Such property is required by the statute to be included in the gross estate of the decedent and we therefore think it immaterial that under the Maryland law such property is not subject to the debts of the decedent.

We now pass to the third contention of the petitioner, that if section 402(e) of the Revenue Act of 1921 should be construed as reaching the appointed property in question, the provision is unconstitutional and void so far as it affects this estate. This situation was also considered by the District Court for the Eastern District of Pennsylvania in *Pennsylvania Co. for Insurance on Lives, etc.,* v. *Lederer, supra.* It was there stated:

* * * It follows that this tax, if lawful, may be, levied upon the estate of the daughter, but not upon the estate of the father. The consequence is, as already stated, that the upholding of this tax levy takes one-half of the

estate of the daughter, and that the whole of the estate proper of the donee of a power, who exercises it, might be taken to pay the tax on that which passed by the exercise of the power, and indeed an estate might be rendered insolvent by being insufficient to pay the tax levied.

A retort to the argument implied in such a presentation of the question is ready at hand. It is that the donee of the power (if it be a general power of appointment) has control over such a situation, and can impose the payment of the tax upon the beneficiaries of the exercise of the power, or (at least possibly) may avoid liability to the tax altogether by its nonexercise.

The petitioner contends that the situation involved in the instant proceeding is substantially the same as that involved in *Nichols* v. *Coolidge*, 274 U. S. 531, in which an effort was made by the Government to collect a tax on a transfer of property passing at the time of death measuring it in part by property which the decedent had to pay irrevocably and in good faith prior to the enactment of the taxing statute. The Supreme Court defines the provision as " arbitrary, whimsical, and burdensome " amounting to confiscation and violation of the Fifth Amendment. We think that the situation in the instant proceeding is substantially different from that which obtained in *Nichols* v. *Coolidge*, *supra*, for here the decedent died subsequent to the effective date of the Revenue Act of 1921, and had the power to change her will up to the date of her death. The situation in the instant proceeding is much the same as that which obtained in *Chase National Bank* v. *United States*, 278 U. S. 327, in which it was held that transfers subject to the estate tax under the Revenue Act of 1921 include, by virtue of sections 401 and 402(f) thereof, life insurance on the decedent procured after the effective date of that Act and payable to another than his estate or executor, when the policy reserved to the insured the right to change the beneficiary and the premiums were paid by the insured. It was there stated:

\* \* \* By §406 the executor is required to pay the tax, but, if so paid, he is given by §408 the right to recover from the beneficiaries a part of the tax, and by §409 they are made personally liable for a share of it if not so paid.

\* \* \* \* \* \* \*

It is true, as emphasized by plaintiffs, that the interest of the beneficiaries in the insurance policies effected by decedent " vested " in them before his death and that the proceeds of the policies came to the beneficiaries not directly from the decedent but from the insurer. But until the moment of death the decedent retained a legal interest in the policies which gave him the power of disposition of them and their proceeds as completely as if he were himself the beneficiary of them. The precise question presented is whether the termination at death of that power and the consequent passing to the designated beneficiaries of all rights under the policies freed of the possibility of its exercise may be the legitimate subject of a transfer tax, as is true of the termination by death of any of the other legal incidents of property through which its use or economic enjoyment may be controlled.

\* \* \* \* \* \* \*

The objection urged by plaintiff under the second question, that the statutory method of fixing the tax and securing its payment infringes the Fifth Amendment, need not detain us. It is said that both the tax on those who share in the decedent's estate and that paid by the beneficiaries is larger than it otherwise would be if the proceeds of the insurance had not been included in the decedent's gross estate. But the increase in the tax to both is a consequence of including the amount of the policies in the gross estate in determining the net which is made the measure of the graduated transfer tax. The objection amounts to no more than saying that if the transfer of the policies or their proceeds be taxed, they should not be included with the other property of the estate in determining the rate of the tax. As it is the termination of the power of disposition of the policies by decedent at death which operates as an effective transfer and is subjected to the tax, there can be no objection to measuring the tax or fixing its rate by including in the gross estate the value of the policies at the time of death, together with all the other interests of decedent transferred at his death. *Stebbins* v. *Riley*, 268 U. S. 137. The inclusion in the gross estate of gifts made in contemplation of death under §402(c) has a like effect.

For reasons above stated, the constitutionality of section 402(e) of the Revenue Act of 1921, so far as it relates to the instant proceeding, is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*