Joseph Walker Wear, William E. Goodman and William Potter Wear, Executors of the Estate of William Potter, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 47612.    Promulgated July 20, 1932.

*Claude C. Smith, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, and *Ralph F. Staubley, Esq.*, for the respondent.

684

OPINION.

Van Fossan: Petitioners make two contentions—(1) that under the law of Pennsylvania the property in question passed under the will of the donor (decedent's father) to the beneficiaries; and (2) that the determination of the Orphans' Court of Philadelphia County to this effect is conclusive and thus determinative of the whole question.

Even though it be conceded that the law of Pennsylvania is as contended by petitioners and that under the state law the decision of the orphans' court was correct, we are nevertheless unable to agree with petitioners that the property was improperly included in the taxable estate under the provisions of section 302 (f) of the Revenue Act of 1926.

Petitioners concede that the power was a " general power." It is established by the facts that it was exercised. The exercise of the power brought the case within the wording and intent of the Federal tax statute and justified the respondent's action. All of the considerations urged upon us in support of petitioners' position were exhaustively considered by the Board in *Edward J. Hancy, Executor*, 17 B. T. A. 464, and ruled adversely to petitioners. Petitioners do not attempt to distinguish the cited case, but content themselves with an attempted but unconvincing distinguishing of *Pennsylvania Co., etc. v. Lederer*, 292 Fed. 629, one of the cases cited in support of the *Hancy* decision. In our opinion the decision in *Edward J. Hancy, supra*, is controlling. That case was based on established rulings of the Federal courts and has been approvingly cited by the Board in subsequent cases. It stands as the considered judgment of the Board. See *Mary M. Lee, Executor*, 18 B. T. A. 251; *Bank of New York Trust Co., Executor*, 21 B. T. A. 197; *Cortlandt F. Bishop, Executor*, 23 B. T. A. 920.

Nor are we disturbed or hindered in reaching the above conclusion because in a case arising under the same documents it was decided by the Orphans' Court of Philadelphia County that the attempted exercise of the power of appointment was a nullity and the award should have been made to the distributees under the will of Thomas Potter. Whatever may have been the effect of this decision in the local administration of the estate, and it would seem that under the facts it was of no effect, the only announced reason for amending the earlier decision being to bring the parties within the rule announced in *Estate of Helen M. W. Grant*, 13 B. T. A. 174, this decision is not conclusive of the question before us. The Board of Tax Appeals is a Federal tribunal engaged in deciding questions presented under the Federal taxing acts. Though there are certain restricted situations in which the local law may be controlling, in the present case we are not so confined. The statute which we are here interpreting was enacted by the Congress of the United States to meet certain situations and achieve certain results. As has been said by the Supreme Court, " the Act of Congress has its own criteria," and in determining whether or not there has been a transfer under the Federal statute we must look to the interpretations adopted by the Federal courts and tribunals. See *Edward J. Hancy, supra; Chase National Bank* v. *United States*, 278 U. S. 327. *Pennsylvania Co., etc.* v. *Lederer, supra; Fidelity Philadelphia Trust Co.* v. *McCaughn*, 34 Fed. (2d) 600.

*Decision will be entered for the respondent.*